Logan Billingsley, Appellant, *v.* Better Business Bureau of New York City, Inc., and Another, Respondents.

First Department, May 1, 1931.

*Sidney S. Levine* of counsel [*H. Bennett Salomon,* attorney] for the appellant.

*Hugh S. Williamson* of counsel [*Mathias Plum, Jr.,* with him on the brief; *Breed, Abbott & Morgan,* attorneys], for the respondents.

Townley, J. The facts shown well warranted the action taken by the learned justice at Special Term. Appellant's objection, however, is fundamental and questions the jurisdiction of the court to make the order on the ground that since he was not served with the order to show cause and affidavits and did not voluntarily appear, there was no jurisdiction of the person of plaintiff.

We think the point well taken. Proper practice to punish for a criminal contempt was laid down by the Court of Appeals in *Pitt* v. *Davison* (37 N. Y. 235). Both criminal and civil contempt proceedings may be started by either an attachment or an order to show cause. If. the order alleged to have been violated was duly litigated and the contempt consists of a disobedience which hinders a party and is not of such a character that the court should treat it as a direct and willful flouting of the authority of the State itself, service of the order to show cause may be made on the party or his attorney. This practice is not viewed as a condemnation of a person without notice because, " the execution against his person is in pursuance of the judgment which has been rendered against him by the court after personal notice of the claim and full opportunity to be heard against it." (*Pitt* v. *Davison, supra,* 239.) If, however, the person is accused of something more than disobedience of a lawful mandate which he has previously had an opportunity to litigate, such as a willful disobedience or contumacious conduct after the order violated was made, personal service

in such cases is indispensable and this is based " on the well settled principle of the common law, that no person shall be condemned unheard." (*Pitt* v. *Davison, supra.*) There may be some confusion in expressions used in other cases not necessary to their adjudication which obscure this distinction, but it none the less still exists and is sound both in principle and practice.

Applying this test to the case at bar, it is seen that while plaintiff's conduct in part could have been construed as a violation of the order directing him to answer certain questions at an examination before trial and to that extent could have been punished, as a civil contempt, in fact, without due notice, plaintiff was condemned for acts other than mere disobedience to an order in the action. He was punished for deliberate and insulting contumacity. Such a judgment cannot be rendered without personal service of process.

Nothing in this opinion is to be taken as a holding that the mere disobedience of an order may not also be a criminal contempt as well as a civil one. But to the extent that any violation of any mandate of the court is to be punished as a criminal contempt, it must be on notice.

The order should be reversed and the motion denied, without costs.

FINCH, P. J., MERRELL, McAVOY and MARTIN, JJ., concur.

Order reversed and motion denied, without costs.