■ ESTHER JAMES, Respondent, v. ADAM C. POWELL, JR., Appellant.— Order dated November 17, 1966 unanimously modified on the law by striking therefrom and vacating the adjudication of criminal contempt based on the order of October 27, 1965 (BRUST, J.) and by substituting for the determination of criminal contempt, founded on the order of March 27, 1964 (BACKER, J.), a holding of civil contempt and imposing a fine therefor of $250. As so modified the order is affirmed, without costs or disbursements. A Justice of co-ordinate jurisdiction had previously denied a motion to punish the defendant as and for a contempt of court in failing to appear for an examination pursuant to the order of October 27, 1965, believing that the relief granted to the plaintiff of striking the answer and ordering an inquest was "sufficient punishment for the failure to appear for the examination." (Orders dated December 10, 1965, STREIT, J.) The latter orders were conclusive, were neither reargued nor appealed by the plaintiff and any subsequent motion relating thereto should have been heard or transferred to the Justice who made them. (CPLR 2221; Kamp v. Kamp, 59 N. Y. 212, 217; Mount Sinai Hosp. v. Davis, 8 A D 2d 361; 2 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 2221.01.) The court did not acquire jurisdiction to punish the defendant for a criminal contempt by reason of his failure to comply with the order of March 27, 1964 that he appear for an examination in supplementary proceedings on May 1, 1964. Neither that order, which grew out of a prior order that the defendant could purge himself of a civil contempt by appearing for examination or by paying the entire judgment, nor the order to show cause bringing on the proceeding appealed from to punish the defendant for criminal contempt, was ever personally served upon the defendant. Jurisdiction obtained nevertheless to punish defendant for civil contempt and we find that the conduct of the defendant was such as to impede the rights and remedies of the plaintiff judgment creditor. The fine of $250 imposed shall stand, to be paid to the plaintiff. (See Billingsley v. Better Business Bureau of N. Y. City, 232 App. Div. 227; Matter of Tri-State Investors Corp. v. Kitching, 231 App. Div. 143, 147, affd. 257 N. Y. 573.) Settle order on notice. Concur — Stevens, P. J., Eager, Steuer, Capozzoli and Tilzer, JJ. [52 Misc 2d 1048; 52 Misc 2d 1054.]

■ SUCREST CORPORATION, Respondent, v. FISHER GOVERNOR COMPANY, INC., Appellant, et al., Defendants.— Orders entered December 6, 1968, unanimously affirmed without costs and without disbursements. Special Term denied defendant's motion to dismiss the complaint for lack of jurisdiction with leave to renew after plaintiff completed taking a deposition ordered on plaintiff's cross motion. In the view we take of the application to examine, this disposition is correct. We also believe the deposition to have been properly ordered. However, we fear that the terms of the order may not be interpreted correctly, hence this clarifying memorandum. Jurisdiction was challenged on two grounds: that the person served was not managing agent of the moving corporate defendant; and that the minimum contact to allow service without the State (CPLR 302) did not exist. Plaintiff moved to take defendant's deposition pursuant to CPLR 3211. Before such a deposition may be ordered it must be shown that facts may exist which would confer jurisdiction but that plaintiff is unable to state them as of knowledge (see Practice Commentary, CPLR 3211, subd. [d], McKinney's Cons. Laws of N. Y., Book 7B; Smith v. Aztec Resort Motel, 21 Misc 2d 548). The record reveals sufficient to allow examination on the issue of whether service on the person served conferred jurisdiction. The examination should be limited to that issue only. Concur — Stevens, P. J., Eager, Capozzoli, Markewich and Steuer, JJ.