John H. Galloway, Jr., J.
Plaintiff, the Board of Education of the City School District of the City of New Rochelle, seeks an order adjudging certain of the defendants individually, and as officers, and as members of the New Rochelle Federation of Teachers, Local 280, American Federation of Teachers, AFL-CIO, and ¡certain other defendants individually, and as members of the executive board, and as members of the said New Rochelle Federation of Teachers, guilty and punishing them for criminal contempt of court, pursuant to section 750 of the Judiciary Law, for their failure and refusal to comply with the provisions of an order of this court (Donohoe, J., June 3, 1969), enjoining and staying them, pending the hearing and determination of *1091 planitiff’s motion for a preliminary injunction, pending the determination of its action for a permanent injunction, from engaging in, causing, instigating, encouraging, or condoning, or lending support or assistance of any nature to, any strike, concerted stoppage of work, or slow-down in the performance of any teaching or other duties of employment with the plaintiff, and from interfering with or committing various other related acts in connection with any strike of the teacher-employees of the plaintiff.
The restraining order of June 3, 1969, in brief, enjoined and stayed the aforesaid defendants from striking or committing any other act or acts in violation of section 210 of the Civil Service Law of the State of New York (Taylor Law). That order and supporting papers were served personally on each of the defendants, excepting Nancy [sic] Helen Schwartz and Claudine Gaynor on June 3 and 4, 1969. Ernest Fleischman, Esq., of the firm of Delson and Gordon, appeared for said defendants on the return date of the order, June 10,1969. Thereafter the motion for a preliminary injunction was granted (decision of Doeohoe, J., dated June 13, 1969), and a certified copy of that order (entered on June 17, 1969) was personally served on each of the defendants. Plaintiff alleges that the defendants failed and refused to obey and comply with said order of June 3, 1969, but on the contrary they engaged in an illegal strike on the 12th, 13th, 16th and 17th days of June, 1969, in violation of section 210 of the Civil Service Law, for which plaintiff seeks on this motion to punish them for criminal contempt of court.
It further appears that the order to show cause dated July 9, 1969 instituting the instant motion, which was originally returnable on July 23, 1969, was not served on any of the defendants, but a certified copy thereof, together with the supporting papers, was served by certified mail upon Ernest Fleischman of the firm of Delson and Gordon, pursuant to the provisions of said order, on July 12, 1969. Mr. Fleischman, who had represented the defendants (all of whom except one, are school teachers) in the preliminary injunction proceedings, has submitted an affidavit in response to the order to show cause of July 9, 1969, expressly disclaiming thereby any assent to the regularity of this proceeding, or an appearance by any of the named defendants and expressly preserving objections of all of said defendants that this proceeding is jurisdictionally defective, stating that he is submitting the opposing affidavit as a result of having been served as counsel for .the defendants.
Defendants’ counsel contends that the proceeding is jurisdictionally defective on the following grounds: (1) It being a pro *1092 ceeding under section 750 of the Judiciary Law to punish for criminal contempt, the proceeding must he “ a separate special proceeding which must be instituted separate and apart from the injunction proceeding and accordingly service must he effected upon each defendant personally ’ ’, which has not been done in this instance; (2) that the defendants have not been notified of the accusation against them and have not had a reasonable time to make a defense as required by subdivision 1 of section 751 of the Judiciary Law. In addition, defendants’ counsel attacks the proceeding as defective for failure to specify in the order to show cause which of the seven different types of acts for which a court has power to punish for contempt, pursuant to section 750, the defendants are accused of violating; that the defendants are, therefore, without adequate notice to prepare their defense and thus have been deprived of the procedural due process to which they are entitled under the New York and United States Constitutions.
Defendants’ counsel also challenges article 14 (§ 201 et seq.) of the Civil Service Law (Public Employees’ Fair Employment Act [known as the Taylor Law]), on which the charge of criminal contempt is predicated, as unconstitutional in that it violates .the First and Fourteenth Amendments of the United States Constitution in five various major respects. Counsel requests an evidentiary hearing to determine the extent to which the three factors defined in paragraph (a) of subdivision 2 of section 751 of the Judiciary Law should mitigate the penalty assessed, if any; and also requests a jury trial to determine whether the defendants should be punished for contempt, pursuant to section 750.
We consider first the grounds upon which defendants’ counsel challenges the proceeding as jurisdictionally defective.
Subdivision 1 of section 751 of the Judiciary Law provides for punishment of a criminal contempt specified in section 750 by a fine not exceeding $250, or by imprisonment not exceeding 30 days in the county jail, or by both, in the discretion of the court. It also provides that when such a contempt is not (as here) committed in the immediate view and presence of the court, ‘1 the party charged must be notified of the accusation, and have a reasonable time to make a defense. ’ ’
It is to he noted .that subdivision 1 of section 751 (unlike section 761 in a civil contempt proceeding) does not expressly provide that the order to show cause commencing the criminal contempt proceeding must be served personally upon the accused unless the court otherwise orders service upon the attorney for the accused. Defendants’ counsel argues, by comparison of *1093 subdivision 1 of section 751 with section 761 that, since there is no similar provision governing service in criminal contempt proceedings, under the rules of statutory construction service on an attorney of a motion to punish for criminal contempt cannot be implied. He also argues that, since the criminal contempt proceeding is a separate special proceeding instituted separate and apart from the injunction proceeding, service of the order to show cause must be effected upon each defendant personally. He relies on the decision in Billingsley v. Better Business Bur. of N. Y. City (232 App. Div. 227, 228), which cites Pitt v. Davison (37 N. Y. 235) for the proposition that personal service in criminal contempt proceedings is indispensable because of 11 the well settled principle of the common law, that no person shall be condemned unheard ’ ’. While that proposition as stated in Pitt v. Davison (supra) was dictum, since Pitt involved a civil contempt proceeding, nevertheless the Court of Appeals reference to the principle requires our recognition, in view of its adoption by the Appellate Division, First Department in Billingsley (supra), which did involve a criminal contempt proceeding, wherein the court held that where the order ,to show cause and the affidavits in support thereof were not served upon the accused personally, there was no jurisdiction of the person of the accused.
We believe that defendants’ counsel’s reliance on the foregoing adjudications is well placed, for the reasons hereinafter stated. A proceeding to determine whether a person has been guilty of a criminal contempt by reason of his conduct in connection with the prosecution of a civil action, and which is instituted by an order to show cause, is a civil special proceeding (People ex rel. Negus v. Dwyer, 90 N. Y. 402; Matter of Hanbury, 160 App. Div. 662, 665; Matter of Douglas v. Adel, 269 N. Y. 144, 146). Such a special proceeding is in our opinion governed generally by the provisions of article 4 of the CPLR. Subdivisions (c) and (d) of CPLR 403 provide for the initiation of a special proceeding by service of a notice of petition (which shall be served in the same manner as a summons in an action) or by the court granting an order to show cause to be served, in lieu of a notice of petition, at a time and in a manner specified therein. We assume that the learned court, which issued the order to show cause of July 9, 1969 herein, proceeded pursuant to subdivision (d) of CPLR 403, in providing for service of the order upon the defendants’ attorney rather than upon the defendants personally.
In our opinion, in view of the fact that a “ criminal contempt is a crime in the ordinary sense; it is a violation of .the law, a *1094 public wrong which is punishable by fine or imprisonment or both ”, as stated by the.United States Supreme Court in Bloom v. Illinois (391 U. S. 194, 201), the proceeding which seeks to punish a person for criminal contempt should be initiated by notie’e served personally upon the person charged, in order that the requirements of due process be fully recognized.
It is true, of course, that these defendants were personally served with the original restraining order of June 3,1969, which they are charged with having willfully failed to obey. However, this proceeding in which the plaintiff seeks to punish them for contempt for such disobedience, is a proceeding separate and apart from the action for permanent injunction in which the aforesaid restraining order was entered, and for the reasons above stated the initiating process in such a proceeding should have been served personally on the defendants.
We are not unmindful that a situation within CPLR 403 (subd. [d]) may arise (but not here demonstrated to be present) wherein the circumstances clearly demonstrate the impractieality or unreality of strict adherence to the requirement of personal service here imposed and would dictate the allowance of service upon counsel for the person accused of criminal contempt.
Accordingly, the proceeding is dismissed without prejudice to reinstitu'tion upon personal service of an order to show cause on each of the defendants.
In view of the foregoing determination we do not reach the other questions raised by defendants’ counsel. Furthermore, we need not determine the motion of the Attorney-General, intervenor-plaintiff, for an order dismissing the several alleged affirmative defenses pleaded by the defendants in this proceeding, since the motion is rendered academic by the within determination. This is, of course, without prejudice to a renewal of said motion in the event criminal contempt proceedings are properly reinstituted against these defendants.