Jacob Ark, J.
Each defendant is charged with criminal contempt of court by reason of the willful disobedience of a lawful mandate of the court (Judiciary Law, § 750, subd. A, par. 3). This is a motion to vacate an order requiring them to make written answers under oath to interrogatories filed pursuant to section 769 of the Judiciary Law.
They maintain that section 769 of the Judiciary Law is inapplicable in cases involving criminal contempt and that the order compels them to be witnesses against themselves in violation of the Fifth Amendment of the ¡Constitution of the United States. That no person ‘ ‘ shall be compelled in any criminal case to be a witness against himself” is also contained in identical language in section 6 of article I, of the State Constitution.
In holding that the privilege of self incrimination can be interposed in an examination before trial in a civil suit, the court in Bradley v. O’Hare (2 AD 2d 436, 440) after quoting excerpts from the opinions in Quinn v. United States (349 U. S. 155); Brown v. United States (161 U. S. 591) and Ullmann v. United States (350 U. S. 422) said: “ It has long been accepted that the barrier of possible incrimination may be raised not only against an admission of guilt, but it also may be asserted when there will be involved the furnishing of a lead or link from which such evidence may be obtained.”
Seven interrogatories were directed to each defendant to which they “must make written answers thereto”. They go directly to the offense charged. Section 215.55 of the Penal Law provides: ‘ ‘ Adjudication for criminal contempt under subdivision A of section seven hundred fifty of the judiciary law shall nob bar a prosecution for the crime of criminal contempt under section 215.50 [a class A misdemeanor] based upon the same conduct but, upon conviction thereunder, the court, in sentencing the defendant shall take the previous punishment into consideration.”
The dual proceedings prescribed for the offense charged against each of these defendants have been the law of this State for a long period of time. (People v. Meakim, 133 N. Y. 214, 225 [1892].)
*119 It follows that the defendants properly invoke the Fifth Amendment of the Constitution of the United States and section 6 of article I of the State Constitution. The claim that the provisions of section 769 of the Judiciary Law are not applicable to this proceeding is well founded. Motion granted.