■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. M. EMANUEL BALT, Appellant.— Order and judgment (one paper) entered October 27, 1969, adjudging defendant (Balt) guilty of contempt of court unanimously reversed, on the law, without costs and without disbursements; personal attachment order issued therewith, entered October 27, 1969, vacated, and proceeding brought under section 750 of the Judiciary Law, dismissed. The appeal is properly entertained on the merits. (CPLR 5701, subd. 2, pars. [iv] [v]; *Matter of Grand Jury, County of Kings [Reardon]*, 278 App. Div. 206; *People v. Diefendorf*, 281 App. Div. 465, affd. 306 N. Y. 818.) The court directive to Balt on October 9, 1969, upon the application for a stay of two subpoenas to appear before the Grand Jury, was not, as claimed, a definite and lawful mandate directing him to advise his alleged clients to appear before the Grand Jury. As a direction that his " clients will comply with the process as amended " and that the court would " entertain a contempt proceeding if there is any violation of that order ", the direction is construable as meaning

that the threatened contempt proceeding would be brought if the amended subpoena was not complied with. The mandate was also vague as to whether Balt was to simply convey the court's direction (which he allegedly did) to his clients, or whether he was ordered to actually produce them in court at the appointed hour. " The 'mandate alleged to be violated should be clearly expressed, and when applied to the act complained of it should appear, with reasonable certainty, that it had been violated.' (*Ketchum* v. *Edwards*, 153 N. Y. 534, 539.) Where the terms of an order are vague and indefinite as to whether or not particular action by a party is required, then, of course, he may not be adjudged in criminal contempt for a willful failure to take such action." (*Matter of Sheridan* v. *Kennedy*, 12 A D 2d 332, 334; *Matter of Carlson* v. *Podeyn*, 12 A D 2d 810; *Matter of Landau*, 230 App. Div. 308; *Matter of Mitchell* v. *Sperling*, 229 App. Div. 204.) Furthermore, the court's directives to Balt's attorney, at the October 21–22 hearings on the return of the show cause order, that he have Balt present himself before the court, may not serve as basis for holding Balt in contempt. The oral directions given to Balt's attorney (Balt not being then present in the courtroom) were not such lawful mandates as to furnish a basis for a contempt proceeding against Balt for a willful disobedience thereof. (See *People ex rel. Donnelly* v. *Miller*, 213 App. Div. 88.) Finally, if we were not dismissing the proceeding on the merits, there are jurisdictional defects requiring a dismissal. The order to show cause why Balt should not be held in contempt was not personally served on him but was delivered on October 16 to an attorney in the office of a partnership for whom Balt had rendered trial services on a referral basis. Moreover, there was no order to show cause issued or served charging Balt with contempt in his alleged failure to obey the directives of the court on October 21 and 22. Generally, to charge a party with a violation of an order or mandate as a basis for criminal contempt, an order to show cause must be made or a warrant of attachment issued. (Judiciary Law, § 757.) A copy of the order to show cause must be personally served. Since Balt was not served with the order to show cause, there was no jurisdiction over him. " Personal service in such cases [of willful disobedience to a lawful mandate] is indispensable and this is based ' on the well settled principle of the common law, that no person shall be condemned unheard.' (*Pitt* v. *Davidson*, [37 N. Y. 235] *supra*) " (*Billingsley* v. *Better Business Bureau of N. Y. City*, 232 App. Div. 227, 228; see, also, 22 Carmody-Wait 2d New York Practice, § 140:16.) Concur — Stevens, P. J., Eager, Capozzoli, Nunez and Tilzer, JJ.