W. Vincent Grady, J.
On September 14, 1970, an order was signed by Mr. Justice Leonard Rubenfeld, which order provided that the restraining provisions contained in the order to show cause signed by Mr. Justice Dempsey dated September 8, 1970, be continued and that plaintiff’s motion for a preliminary injunction be granted restraining and enjoining the defendants, and each of them, their officers, directors, agents, members, representatives, servants and other persons whomsoever known or unknown acting in their behalf or in concert or in confederation with them from certain enumerated acts which included engaging in, causing, instigating, encouraging or condoning, threatening or rendering support or assistance of any nature to any strike, concerted stoppage of work or slow-down *398 in the performance of any duties of employment with the plaintiff ; picketing, patrolling, congregating, walking back and forth in front of or in the vicinity of school district. buildings or offices or any other premises operated and administered by plaintiff or at any point in proximity thereto.
The order to show cause signed by Mr. Justice Robert J. Trainor in this criminal contempt proceeding was returnable on October 5,1970, before this court; however, it was adjourned until October 28, 1970, for a trial before the court without a jury. On that date the defendants moved for an order vacating the order to show cause to punish for contempt on various grounds.
The court before reviewing the testimony addresses itself first to each of defendant’s arguments on the motion to vacate the order to show cause to punish for contempt.
Defendants rely on the decision of Mr. Justice Galloway in the recent case of the Board of Educ. v. Zeluck (60 Misc 2d 1090) in support of their contention that this proceeding in which the plaintiff seeks to punish certain individuals and the labor union for contempt is not a proceeding separate and apart from the action for a permanent injunction in which the restraining order was rendered. In the Zeluck case, the order to show cause in the contempt proceeding was not served on the individuals who allegedly violated the temporary restraining order although the restraining order itself was served on these individuals. In the instant proceeding, all of the individuals who were sought to be punished were personally served with the order to show cause, therefore, the Zeluck decision has no application. The fact that the plaintiff used the same index number for the criminal contempt proceeding as the preliminary injunction action does not render this proceeding defective. Plaintiff may obtain a separate index number for this proceeding.
Defendants’ second argument, that the court has no jurisdiction because plaintiff failed to commence the proceeding on adequate papers, is also without merit. Plaintiff complied with section 757 of the Judiciary Law in that the Judge who signed the order to show cause was satisfied on presentation of the affidavit of the Superintendent of Schools of the commission of the offense of criminal contempt. The affidavit of Superintendent Eckelt is not solely based on information and belief, but states affirmatively that the defendants named in this criminal contempt proceeding continued to strike against the plaintiff and continued to hold meetings, distribute strike bulletins and picket in front of the nine schools within the district *399 despite the provisions of the orders of Mr. Justice Dempsey and Mr. Justice Rubenfeld. The order to show cause to punish for contempt, and the affidavit on which it is based, sufficiently specify the defendants’ willful disobedience to the lawful mandate of the court pursuant to paragraph 3 of subdivision A of section 750 of the Judiciary Law as one of the types of acts the court has power to punish for contempt. Defendants had adequate notice to prepare their defense and have not been deprived of procedural due process under the New York and Federal Constitutions.
The individual defendants further contend that this court lacks jurisdiction over their persons by reason of the failure to serve a summons in the action for an injunction on the defendants Shirk, Wander, Scarpelli, Nisgor and McKenna. All of these individuals were members of the Lakeland Federation of Teachers, Local 1760, American Federation of Teachers, AFL-CIO, and the defendants Blattman and Shirk were officers of the union and the defendants Scarpelli and Djakov were members of the negotiating committee of the union. All of the defendants named in the injunction action including the following individuals who were sought to be punished for contempt herein, appeared by their attorney in opposition to the motion for a preliminary injunction: Abel Blattman, Roy Shirk, Edward Scarpelli and Alex Djakov. Although Irwin Wander, Howard S. Nisgor and Keith McKenna who are sought to be punished for contempt herein were not named as defendants in the injunction action, these individuals were all teachers in the Lakeland School District and members of the Lakeland Federation of Teachers. This is not an instance where there is no proof of agency contained in the record (cf. State Univ. of N. Y. v. Denton, 35 A D 2d 176).
The order to show cause signed by Mr. Justice Dempsey dated September 8, 1970, containing the temporary restraining order directed that service be made on Abel Blattman or any other officer of defendant Lakeland Federation of Teachers by a certain date and that service so made should be sufficient service on the defendants named therein. It appears that not only was Abel Blattman served with the order to show cause, affidavit, summons and complaint in the action for an injunction, but that Irwin Wander, Howard Nisgor, Edward Scarpelli and Roy Shirk were also personally served. There was compliance with CPLR 6311 and CPLR 6313 (subd. [b]) in the service of the papers on the application for a preliminary injunction and this court does not lack jurisdiction over the persons of defendants on that ground. Moreover, the order of Mr. Justice Rtjbehfeu) *400 dated September 14, 1970, enjoined not only the defendants named in the action, but their officers, directors, agents, members and representatives, servants and other persons whomsoever known or unknown acting in their behalf or in concert or in confederation with them or any of them in any manner or by any means. The defendants named in this criminal contempt proceeding are all within the scope of the order of Mr. Justice Bubenfeld and are subject to the jurisdiction of this court.
The court having determined that the grounds urged by the defendants for vacating the order to show cause to punish for contempt are untenable, defendants’ motion is in all respects denied.
In connection with the application to punish the defendants for contempt, a trial was held before the court without a jury on October 28 and 29, 1970. The issue of fact to be determined is whether the defendant labor union and the individuals named in this contempt proceeding are guilty of criminal contempt in the willful disobedience of the orders dated September 8, 1970, and September 14, 1970. The burden of proof in this proceeding is upon the County Attorney as the chief legal officer of the governmental agency involved to punish the violation as a criminal contempt under section 211 of the Civil Service Law (Taylor Act), to prove the guilt of the defendants beyond a reasonable doubt (Gompers v. Bucks Stove & Range Co., 221 U. S. 418, 444; People v. Finkelstein, 202 Misc. 1080). Although the testimony of the plaintiff’s witnesses established that there was a strike from September 8, 1970, through September 16, 1970, within the meaning of the Civil Service Law (§ 201, subd. 10; § 210, subd. 1) and that the defendant union engaged in, caused, instigated, encouraged and condoned the strike, insufficient proof .has been adduced to warrant a finding of willful disobedience, land therefore to warrant granting the relief sought as to the defendants other than the union (see Board of Educ. of City of N. Y. v. Shanker, 54 Misc. 2d 941, affd. 29 A D 2d 634). There was testimony that certain of the defendants were absent during the course of the work stoppage and that certain of the defendants were seen on a picket line in front of the schools during the strike; however, no other evidence of willful defiance of the orders of the court on the part of any of the individual defendants was demonstrated. Plaintiff failed to sustain the burden of proof as to the guilt of the individual defendants beyond a reasonable doubt.
There was no violation by any of the defendants until after the order to show cause with a temporary restraining order *401 dated September 8, 1970 was served on the defendant union and the individual defendants. That service was not effective until shortly before midnight on September 8, 1970, therefore there was no criminal contempt by any of the defendants on September 8, 1970, since no order restraining them from any acts was in effect until September 9,1970. During the period from September 9, 1970 to September 16, 1970, the defendant union willfully engaged in a strike in violation of section 210 of the Civil Service Law. However, during this period, plaintiff and defendants conducted negotiations and when the teachers returned to work on September 17,1970, one of the terms of the agreement reached between the parties was the inclusion of seven additional days in the calendar of the 1970-71 school year so that every child in the district would receive a full program of instruction in that school year. There was no testimony that during the period of the strike there was any damage to school property or that any employee of the district was arrested during that period.
Despite the finding of this court that, with respect to the individual defendants, there was insufficient proof that they willfully engaged in a strike in violation of the mandate of this court, it has been demonstrated that the defendant union instigated the strike and caused strike bulletins and other communications to be issued to teachers and parents in the Lakeland District urging support of the teachers in the strike. These strike bulletins were marked into evidence as Exhibits 1 through 13 and they show that the strike was deliberately planned and executed by the defendant union (Matter of Board of Educ. v. Massapequa Federation of Teachers, N. Y. L. J., June 19, 1970, p. 15, col. 3 [D’Auria, J.]).
The court cannot condone or forgive the defendant union’s deliberate defiance of the lawful mandate of the court. The language of Mr. Justice Nunez in Board of Educ. of City of N. Y. v. Shanker (54 Misc 2d 941, 944, 945, supra) is appropriate: “ The defendant Union, powerful though it may be, is nevertheless insufficiently powerful to disdain, with impunity, the law and the court. Our existence as a free people is dependent on a healthy respect for law and order. For ours is a society open and ordered, animate and free, and it can continue so only so long as we maintain our liberties under law. Ironic indeed is the fact that this basic lesson in elementary civics must be taught anew to, of all pupils, the very persons to whom we daily entrust our tender offspring for training and development as the leaders of tomorrow.”
Accordingly, the defendant Lakeland Federation of Teachers, Local 1760, American Federation of Teachers, AFL-CIO is *402 adjudged, guilty of criminal contempt for its willful disobedience to the lawful mandate of this court.
Section 751 (subd. 2, par. [a]) of the Judiciary Law (as amd. by L. 1969, ch. 24, § 12, eff. April 1,1969) provides for the penalties that may be imposed upon an employee organization which willfully disobeys a lawful mandate of the court. Punishment for each day that such contempt persists may be by a fine fixed in the discretion of the court. That section provides that in fixing the amount of the fine, the court shall consider, but not be limited to, the following facts and circumstances: “ (i) the extent of the wilful defiance of or a resistance to the court’s mandate (ii) the impact of the strike on the public health, safety and welfare of the community and (iii) the ability of the employee organization to pay the fine imposed.”
The court may also consider under section 751 (subd. 2, par. [a]) of the Judiciary Law a refusal of the employee organization to submit to mediation and fact-finding procedures provided in section 209 of the Civil Service Law. In determining the ability of the employee organization to pay the fine imposed, the court shall consider both the income and the assets of such employee organization.
The parties stipulated into the record that the dues payments for the Lakeland Federation of Teachers during the school year 1969-1970 were $45 per teacher and that as of September 1,1970, the payments were to be raised to $100 per member per year. In September, 1970, the federation had 115 members, but had not collected dues since September, 1970. It was further stipulated that the bank account of the defendant union had a balance of $743 as of September, 1970, but the balance at the. time of the trial was $78 and some change.
The court has carefully considered and weighed all of the facts and circumstances directly related to the criminal contempt by the defendant union of the orders of this court as commanded under section 751 of the Judiciary Law, and determines that the defendant Lakeland Federation of Teachers, Local 1760, American Federation of Teachers, AFL-CIO, shall be fined the sum of $5,000 for its willful disobedience to the court’s lawful mandate.