Scileppi, Breitel and Jasen, JJ. (dissenting in the following memorandum).
On March 16,1970 the New York State Teachers Association (Association) called upon all teachers not to “ take employment ’ ’ in the Comsewogue School District, in the following circular:
“Please be advised that the Comsewogue School District, Port Jefferson Station, New Yorh is not an appropriate place at present in which professional teachers should seek employment.
“Therefore, as President of the New York State Teachers Association, I call upon all teachers in the State not to make application or take employment in the Comsewogue School District until the current situation between the Port Jefferson Station Teachers Association, Inc., and the School District officials is resolved.
“ This action is made necessary because Comsewogue School District officials have blatantly frustrated peaceful methods of maintaining harmonious and cooperative employer-employee relationships.”
*941 In effect the Association was asking all teachers including those already employed by the school district not to sign contracts for the next school year. The Taylor Law, section 210 of the Civil Service Law, provides: “ 1. No public employee or employee organization shall engage in a strike, and no public employee or employee organization shall cause, instigate, encourage, or condone a strike.” A concerted refusal by teachers to sign new contracts may constitute an illegal strike (Board of Educ. of City of N. Y. v. Shanker, 54 Misc 2d 641, 643, affd. 29 A D 2d 634; see Matter of Board of Educ. v. Lakeland Federation of Teachers, 65 Misc 2d 397, 400). Thus, by urging collective action, the Association violated the Taylor Law and encouraged individual teachers to do likewise. An unusual number of teachers resigned following the Association’s advisory directive, and on trial the board may be able to show a causal relationship. Advocacy directed to producing imminent illegal action, in this case an illegal strike, and likely to produce such action, does not enjoy constitutional protection (Boards of Educ. v. New Jersey Educ. Assn., 96 N. J. Super. 371, affd. 53 N. J. 29).
On any view, the self-styled advisory directive is not entitled to full credence by virtue of its title. No teacher, sophisticated or not, could misunderstand its purport: stay away from the school district or suffer the consequence of being considered an unprofessional teacher by your fellows, your future superiors, and your association.
Accordingly, we dissent and vote to affirm.
Order reversed, etc.