820

completion of the trial of *People v De Francesco,* which is presently being conducted. (Article 78 proceeding.) Present—Marsh, P. J., Simons, Mahoney and Dillon, JJ. (Decided Oct. 6, 1976.)

■    UNIVERSITY SHOPPINGTOWN, INC., Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 52451.)—Judgment unanimously affirmed, without costs, on the opinion of Court of Claims, Lengyel, J. (Appeal from judgment of Court of Claims—appropriation.) Present—Marsh, P. J., Moule, Simons, Goldman, and Witmer, JJ.

■    THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ESSIT BRANT, Appellant.—Judgment insofar as it imposes sentence unanimously reversed and matter remitted to Erie County Court for resentence in accordance with and for the reasons stated in *People v Butler* (54 AD2d 56), and otherwise judgment affirmed. (Appeal from judgment of Erie County Court—robbery, third degree.) Present—Marsh, P. J., Mahoney, Dillon, Goldman and Witmer, JJ.

■    TOM HALL, as President of Truck Drivers and Helpers Local Union No. 317, Respondent, v FRONTIER DELIVERY, INC., Appellant.—Judgment unanimously affirmed, with costs, upon the opinion at Special Term, Roy, J. (Appeal from judgment of Onondaga Supreme Court—arbitration.) Present —Moule, J. P., Cardamone, Simons, Mahoney and Witmer, JJ.

■    LANCASTER SILO & BLOCK COMPANY ET AL., Respondents, v NORTHERN PROPANE GAS CO., Defendant, and GOLAY & COMPANY et al., Appellants.— Order unanimously affirmed, with costs, for the reasons stated at Special Term, Bayger, J. (Appeal from order of Erie Supreme Court—amend complaint.) Present—Marsh, P. J., Moule, Cardamone, Mahoney and Dillon, JJ.

■    THE PEOPLE OF THE STATE OF NEW YORK ex rel. CHARLES B. WARREN, Appellant, v HAROLD J. SMITH, as Superintendent of the Attica Correctional Facility, Respondent.—Appeal unanimously dismissed on the ground that since appellant has absconded, his appeal may not be heard *(People v Del Rio,* 14 NY2d 165; see *People v Parmaklidis,* 38 NY2d 1005). (Appeal from judgment of Wyoming County Court—habeas corpus.) Present—Marsh, P. J., Moule, Cardamone, Simons and Goldman, JJ.

■    THE PEOPLE OF THE STATE OF NEW YORK ex rel. JAMES E. TAYLOR, Appellant, v FRANK M. FESTA, as Superintendent, Respondent.—Appeal unanimously dismissed as moot, since relator is no longer in custody. (See *People ex rel., Wilder v Markley,* 26 NY2d 648.) (Appeal from judgment of Erie Supreme Court—habeas corpus.) Present—Marsh, P. J., Moule, Cardamone, Simons and Goldman, JJ.

■    THE PEOPLE OF THE STATE OF NEW YORK ex rel. JAMES EWING, Appellant v PATRICK J. CORBETT, as Sheriff of Onondaga County, Respondent.—Appeal unanimously dismissed as moot. (See *People ex rel. Miller v Follette,* 33 AD2d 789. (Appeal from judgment of Onondaga County Court— habeas corpus.) Present—Cardamone, J. P., Mahoney, Dillon, Goldman and Witmer, JJ.

■    In the Matter of WILLIAM H. BRISTOL, Respondent, v JAMES CHIAVA-ROLI et al., Constituting the Board of Elections of Monroe County, Appellants.—Order unanimously reversed, on the law, without costs, and application dismissed. *Per Curiam* opinion. Leave to appeal to the Court of Appeals granted. (Appeal from order of Monroe Supreme Court—Election Law.) Present—Marsh, P. J., Mahoney, Dillon, Goldman and Witmer, JJ. (Decided Oct. 14, 1976.)

■    BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF

BUFFALO, Respondent, v THOMAS PISA, Individually and as President of the Buffalo Teachers Federation, Inc., et al., Appellants. (Appeal No. 1.)—Decision unanimously reserved. Same memorandum as in *Board of Educ. v Pisa* (54 AD2d 821). (Preliminary injunction.) Present—Marsh, P. J., Moule, Mahoney, Goldman and Witmer, JJ. (Decided Oct. 26, 1976.)

■ BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF BUFFALO, Respondent, v THOMAS PISA, Individually and as President of the Buffalo Teachers Federation, Inc., et al., Appellants. (Appeal No. 2.)—Order and judgment unanimously reversed, on the law, and proceeding dismissed for lack of jurisdiction. Memorandum: Following the issuance of a temporary restraining order on September 6, 1976 a preliminary injunction was granted on September 16, 1976 enjoining defendants, Buffalo Teachers Federation, Inc. (BTF), and Thomas Pisa, individually and as president of the BTF, *inter alia,* from causing, encouraging, authorizing or continuing a teachers' strike against plaintiff, Board of Education of the Buffalo City School District. On September 17, 1976 plaintiff obtained an order to show cause seeking to punish defendants pursuant to section 751 of the Judiciary Law for criminal contempt arising out of their alleged willful disobedience of these orders. Service of this show cause order commencing the contempt proceeding was effected according to the terms of the order by delivery of a copy of it to a person of suitable age and discretion at the principal business office of the BTF. Defendants argued on the return date of the order to show cause that such manner of service was legally insufficient and that the court did not have jurisdiction of them because they were not served personally. Following a denial of this contention and after a hearing on the merits, defendants were found guilty of criminal contempt. Pisa was fined $250 and sentenced to 30 days in jail. The BTF was fined $50,000 for its contempt through September 24, 1976 and an additional $10,000 for each school day the strike continued after that date. The question presented here is a simple but fundamental one. It is whether a court may obtain jurisdiction over a defendant in essentially a criminal proceeding (see *Bloom v Illinois,* 391 US 194; *Gompers v United States,* 233 US 604; *State Univ. of N. Y. v Denton,* 35 AD2d 176) by directing his appearance in a manner other than by serving him personally with notice of the crime with which he is charged and giving him sufficient time to prepare his defense and to appear in court to answer that charge. It is well settled that a proceeding to punish for a criminal contempt of court arising out of or during the trial of a civil action commences a special proceeding which is separate and distinct from the original underlying action *(Matter of Douglas v Adel,* 269 NY 144; *People ex rel. Negus v Dwyer,* 90 NY 402). Thus, despite the fact that jurisdiction over the defendant had been properly obtained in the underlying action, jurisdiction over him must be obtained in the contempt proceeding before the court is empowered to adjudicate the merits of that issue. In such situations involving criminal contempt, jurisdiction over the defendant should be obtained by serving him personally *(Pitt v Davison,* 37 NY 235; *Billingsley v Better Business Bur. of N. Y. City,* 232 App Div 227; *People v Balt,* 34 AD2d 932; *Board of Educ. v Zeluck,* 60 Misc 2d 1090). In the instant case, pursuant to the terms of the show cause order, service upon defendants, BTF and Pisa, was accomplished by delivery of a copy of the order to a person of suitable age and discretion at the principal business office of the BTF. With respect to defendant Pisa, this form of service clearly failed to confer upon the court jurisdiction over his person. A similar conclusion must also be reached with respect to defendant BTF. CPLR 311 (subd 1) specifically provides that personal service upon a domestic corporation may only be