■ BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF BUFFALO, Respondent, v THOMAS PISA, Individually and as President of the Buffalo Teachers Federation, Inc., et al., Appellants. (Appeal No. 2.)—Order and judgment unanimously reversed, on the law, and proceeding dismissed for lack of jurisdiction. Memorandum: Following the issuance of a temporary restraining order on September 6, 1976 a preliminary injunction was granted on September 16, 1976 enjoining defendants, Buffalo Teachers Federation, Inc. (BTF), and Thomas Pisa, individually and as president of the BTF, *inter alia,* from causing, encouraging, authorizing or continuing a teachers' strike against plaintiff, Board of Education of the Buffalo City School District. On September 17, 1976 plaintiff obtained an order to show cause seeking to punish defendants pursuant to section 751 of the Judiciary Law for criminal contempt arising out of their alleged willful disobedience of these orders. Service of this show cause order commencing the contempt proceeding was effected according to the terms of the order by delivery of a copy of it to a person of suitable age and ·discretion at the principal business office of the BTF. Defendants argued on the return date of the order to show cause that such manner of service was legally insufficient and that the court did not have jurisdiction of them because they were not served personally. Following a denial of this contention and after a hearing on the merits, defendants were found guilty of criminal contempt. Pisa was fined $250 and sentenced to 30 days in jail. The BTF was fined $50,000 for its contempt through September 24, 1976 and an additional $10,000 for each school day the strike continued after that date. The question presented here is a simple but fundamental one. It is whether a court may obtain jurisdiction over a defendant in essentially a criminal proceeding (see *Bloom v Illinois,* 391 US 194; *Gompers v United States,* 233 US 604; *State Univ. of N. Y. v Denton,* 35 AD2d 176) by directing his appearance in a manner other than by serving him personally with notice of the crime with which he is charged and giving him sufficient time to prepare his defense and to appear in court to answer that charge. It is well settled that a proceeding to punish for a criminal contempt of court arising out of or during the trial of a civil action commences a special proceeding which is separate and distinct from the original underlying action *(Matter of Douglas v Adel,* 269 NY 144; *People ex rel. Negus v Dwyer,* 90 NY 402). Thus, despite the fact that jurisdiction over the defendant had been properly obtained in the underlying action, jurisdiction over him must be obtained in the contempt proceeding before the court is empowered to adjudicate the merits of that issue. In such situations involving criminal contempt, jurisdiction over the defendant should be obtained by serving him personally *(Pitt v Davison,* 37 NY 235; *Billingsley v Better Business Bur. of N. Y. City,* 232 App Div 227; *People v Balt,* 34 AD2d 932; *Board of Educ. v Zeluck,* 60 Misc 2d 1090). In the instant case, pursuant to the terms of the show cause order, service upon defendants, BTF and Pisa, was accomplished by delivery of a copy of the order to a person of suitable age and discretion at the principal business office of the BTF. With respect to defendant Pisa, this form of service clearly failed to confer upon the court jurisdiction over his person. A similar conclusion must also be reached with respect to defendant BTF. CPLR 311 (subd 1) specifically provides that personal service upon a domestic corporation may only be

made by delivery of a copy of the order "to an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service." Plaintiff's failure to insure that delivery of the order in the instant case was made upon one of the persons designated in this section mandates a finding that no personal jurisdiction was obtained over defendant BTF. It is important to note that this failure to serve defendants properly is not a mere technicality which may be overlooked or disregarded upon appeal. Rather it goes to the heart of our judicial system and affects the very power of the court to adjudicate the action before it. Nor may we say that this fundamental defect was or could be cured by the fact that a defendant knew or should have known that such a proceeding had been commenced against him since the failure to effect proper service is tantamount to a failure to begin the proceeding in the first place. Accordingly, we must reverse the convictions of contempt and dismiss the proceedings. This dismissal, however, is without prejudice to the institution of a new proceeding upon proper personal service of an order to show cause upon each of the defendants. Such notice can be served and a hearing held immediately and any appeal therefrom may be argued before this court prior to the termination of the present term on November 5, 1976. Inasmuch as our decision in this case also necessitates vacatur of the fine imposed upon the BTF and the fine and prison term imposed upon Pisa, we do not reach defendants' contention relating to the severity of these sentences. Nor do we now consider defendants' appeal concerning the propriety and scope of the temporary restraining order and the preliminary injunction. Since at the present stage of the proceedings the primary purpose of these orders is to form the basis for the contempt proceeding, a determination of their validity need not be made prior to the possible reinstitution of the contempt proceeding. (Contempt.) Present—Marsh, P. J., Moule, Mahoney, Goldman and Witmer, JJ. (Decided Oct. 26, 1976.)