OPINION OF THE COURT
Martin B. Stecher, J.
This is an application by the State of New York by its Attorney-General to punish the defendants for contempt of a restraining order initially granted on February 9, 1978 and continuing thereafter by further orders made in Special Term, Part I on February 23, 1978, March 3, 1978 and March 13, 1978, restraining the defendants "individually and collectively, directly or indirectly, and their agents, servants, employees or representatives, [from] promoting any fund raising programs * * * or from soliciting gifts and contributions in any manner and by any means whatsoever from the general public for charitable or other purposes within and from the *1053 State of New York or from transferring or disposing of any funds received by each of them in connection with any fund raising program conducted in the State of New York.” (By decision dated May 16, 1978, a determination was made to grant preliminary injunction.)
Service on the defendants Gautsche, Carnese and Binder were all made by service other than personal service. Service on Binder’s attorney was made by leaving a true copy with "Betty Roe (name being fictitious) his secretary.” Service was made on Carnese by delivering a copy to defendant’s daughter, Carol Carnese, at the party’s home. Service was made on Gautsche by attaching a copy to his residence door and, as with the preceding defendants, having a copy mailed to him. These defendants contest the service of processes and raise an issue as to whether or not a special proceeding rather than a motion in a proceeding is necessary.
These defendants, or some of them, rely on Pitt v Davison (37 NY 235), decided in 1867 and its progeny, such as People v Balt (34 AD2d 932); James v Powell (32 AD2d 517), and Billingsley v Better Business Bureau (232 App Div 227). The statute in effect at the time of Pitt v Davison (supra) (2 Rev Stat [1st ed] 534; 2 R S part 3, ch 8, tit 13; see, also, Voorhies Code of Pro [8th ed], § 417, p 834 et seq.) provided for contempt proceedings not'materially different from those in force today (cf. Judiciary Law, § 750 et seq.) and at the times Billingsley (supra), James (supra) and Balt (supra), were decided with a major exception; the Revised Statutes, at sections 2 and 3 provided:
"§ 2. When any misconduct, punishable by fine and imprisonment, as declared in the last section, shall be committed in the immediate view and presence of the court, it may be punished summarily, by fine or imprisonment, or both, as hereinafter prescribed.
"§ 3. When such conduct is not so committed, the court shall be satisfied by due proof, by affidavit, of the facts charged, and shall cause a copy of such affidavits to be served on the party accused, a reasonable time to enable him to make his defence; except in cases of disobedience to any rule or order requiring the payment of money, and of disobedience to any subpoena.” (Emphasis supplied.)
Based in part on this language, the Court of Appeals in Pitt (supra), held that personal service was required if the parties did not proceed by attachment (cf. Judiciary Law, § 757). The *1054 1909 statute (as amended) provides in part (Judiciary Law, § 751, subd [1]), "[s]uch a contempt, committed in the immediate view and presence of the court, may be punished summarily; when not so committed, the party must be notiñed of the accusation, and have a reasonable time to make a defense” (emphasis supplied). It has been held in Matter of Spector v Allen (281 NY 251, 256), that "[w]hat constitutes sufficient notice and reasonable time to make a defense depends upon the particular circumstances of each case.” It would appear that the circumstances of this case demonstrate "sufficient notice”.
Yet, unless the 1977 revision of article 19 of the Judiciary Law (L 1977, ch 437) has worked a substantial change, I am constrained by the holding in Billingsley (supra), which recognized no distinction between the statute in existence at the time Pitt v Davison (supra) was decided and the current statute, as well as the subsequent decision in James v Powell (supra), and the dictum in People v Balt (supra), both of which followed Billingsley, to require that a contempt proceeding brought on by order to show cause must be initiated by personal service on the alleged contemnor.
Sections 750, 751 and 752 of the Judiciary Law deal with criminal contempt. These sections are not affected in any material way by the 1977 statutory changes. The procedural change which permitted initiation of contempt procedures by notice of motion as set forth in section 756 of the Judiciary Law applies only to punishment for civil contempt (cf. Judiciary Law, § 753 et seq.). Therefore, I must conclude that the 1977 statute has had no effect on the application to punish for criminal contempt and, accordingly, the court has not acquired jurisdiction for the purposes of this application over the defendants Gautsche, Carnese and Binder.
All of the other defendants have been served in accordance with statute. As to them, triable issues are raised and an immediate trial may be had on application of the Attorney-General. Leave is granted to renew this application against the defendants Gautsche, Carnese and Binder.