■ In the Matter of CAPITAL NEWSPAPERS DIVISION OF THE HEARST CORPORATION et al., Petitioners, v JOSEPH HARRIS, Individually and as Judge of the County Court of the County of Albany, Respondent. — Proceeding pursuant to

CPLR article 78 (initiated in this court pursuant to CPLR 506, subd [b], par 1) to, *inter alia,* dismiss a criminal contempt proceeding commenced against petitioners. This proceeding in the nature of prohibition seeks to dismiss a criminal contempt proceeding commenced against a photographer employed by petitioner Capital Newspapers Division of the Hearst Corporation and the newspaper's attorney. The dispute centers around directives given by respondent on April 2, 1982 that the photographer turn over to the court unpublished film taken of a car subsequently involved in a demonstration during a criminal trial over which respondent presided. When the film was not turned over to the court, a hearing was scheduled to determine whether the newspaper's photographer and attorney should be held in contempt for failure to obey respondent's order. The matter was then stayed pending the determination of this proceeding. Although petitioners have raised several constitutional arguments in support of their position that respondent acted without authority in issuing the directive that the photographer's film be turned over to the court, we see no reason to reach those constitutional questions since this proceeding, concerned solely with the issue of whether respondent "is proceeding or is about to proceed without or in excess of jurisdiction" (CPLR 7803, subd 2), can be resolved on narrower grounds. The orders issued by respondent in this matter were out of court oral directives made to a Deputy Sheriff and the newspaper's attorney. The directives were not preserved in the minutes of the proceeding and were never reduced to writing. Moreover, characterizations of the directives contained in the record indicate that they were imprecise and equivocal. Respondent thus lacked the jurisdictional predicate needed to commence a criminal contempt proceeding for conduct not committed in his presence (see *People v Giglio,* 74 AD2d 348, 354-355; *People v Balt,* 34 AD2d 932). Accordingly, the petition in this CPLR article 78 proceeding should be granted to the extent that the contempt proceedings currently pending against petitioners be dismissed. Petition granted, without costs, to the extent that the contempt proceedings pending against petitioners are dismissed. Mahoney, P. J., Sweeney, Kane, Mikoll and Levine, JJ., concur.