OPINION OF THE COURT
Edward H. Lehner, J.
The sole issue presented herein is whether discovery may be had in a proceeding to punish for criminal contempt. The court finds that this is a special proceeding governed by CPLR article 4, and that therefore it possesses discretion to permit depositions of nonparty witnesses.
FACTS
In the late afternoon of March 3, 1988 the undersigned *68 signed a temporary restraining order which, in part, barred the defendant union and its officials from "engaging in, causing, instigating, encouraging or condoning, or lending support or assistance of any nature to any strike, concerted stoppage of work or slowdown”, including reporting sick or refusing to perform duties in a normal manner. On March 4 the provisions of such order were, on. consent of defendants, converted into a preliminary injunction.
The members of the defendant union are employees of plaintiff Health and Hospitals Corporation and provide emergency ambulance services within the City of New York.
On Saturday, March 5, plaintiffs (in the presence of counsel for the defendants), asserting that certain of the defendants violated the provisions of the restraining order on March 3 and March 4, applied for an order to punish such defendants for "criminal and civil contempt” of court. A hearing on the application commenced the following Monday afternoon, and has continued from time to time thereafter.
Although there were prior informal discussions on both parties’ requests for discovery, plaintiffs have now formally applied for permission to conduct depositions of all 26 non-party shop stewards of the defendant union. Defendants have cross-moved for a protective order to bar such examinations.
CONTENTIONS OF THE PARTIES
Plaintiffs assert that since this is a special proceeding, the court has discretion, pursuant to CPLR 408, to direct, the requested examinations. Defendants, on the other hand, contend that since punishment for criminal contempt is sought, the rules applicable to criminal proceedings should apply and plaintiffs are not entitled to obtain evidence through depositions.
DISCUSSION
Criminal contempt includes "[w]ilful disobedience” of a lawful court order (Judiciary Law § 750 [A] [3]), and a union found guilty of such conduct is subject to a "fine fixed in the discretion of the court”, as well as loss of dues check-off privileges (Judiciary Law § 751 [2] [a]). In addition, individuals found guilty are subject to imprisonment for up to 30 days (Judiciary Law § 751 [1]).
"Criminal contempt * * * involves vindication of an offense *69 against public justice and is utilized to protect the dignity of the judicial system and to compel respect for its mandates * * * Inasmuch as the objective is deterrence of disobedience of judicial mandates, the penalty imposed is punitive in nature” (Matter of McCormick v Axelrod, 59 NY2d 574, 583). The offense must be proved beyond a reasonable doubt (County of Rockland v Civil Serv. Employees Assn., 62 NY2d 11; N. A. Dev. Co. v Jones, 99 AD2d 238). Although "[criminal contempt * * * may be charged in a civil proceeding”, it has "criminal overtones” (Goodman v State of New York, 31 NY2d 381, 385), and thus "the basic fundamentals are applicable to the same extent as in any other criminal trial” (Ingraham v Maurer, 39 AD2d 258, 259).
It has been stated that it "is well settled that a proceeding to punish for a criminal contempt of court arising out of or during the trial of a civil action commences a special proceeding which is separate and distinct from the original underlying action” (Board of Educ. v Pisa, 54 AD2d 821), and that "the separate proceeding to punish for a criminal contempt has been traditionally viewed in New York as a civil special proceeding”, and as a "consequence, the rules of civil rather than criminal procedure should govern the origination of the criminal contempt application” (Department of Hous. Preservation & Dev. v 24 W. 132 Equities, NYLJ, Dec. 11, 1987, at 12, col 1 [App Term, 1st Dept]; see also, Matter of Douglas v Adel, 269 NY 144).
Thus, even though criminal sanctions may be imposed (although paradoxically not equal to the punitive six-month imprisonment authorized in section 774 [1] of the Judiciary Law for civil contempt), this is a civil special proceeding. Hence, it is governed by all of the procedures set forth in CPLR article 4 to the extent that they do not deprive a party of a fundamental right normally accorded to a criminal defendant. Permitting depositions of nonparty witnesses does not deprive a defendant of any such right.
Monroe Community Coll, v Hughes (63 Misc 2d 117), cited by defendants, is inapposite as there interrogatories were sought of the defendants, who were entitled to invoke Fifth Amendment protection against self-incrimination. Here, no deposition is being sought of any defendant.
In Matter of Waterfront Commn. v Marchitto (26 Misc 2d 767, affd 13 AD2d 725), also relied upon by defendants, the petitioner sought civil contempt due to respondent’s failure to *70 obey a subpoena. The court denied respondent’s application for an examination of the Commission on the ground that it, as an agency of the State, was not subject to pretrial examination. The -court, however, went on to state that proceedings to enforce subpoenas should be "determined expeditiously without undue delay” and that "pretrial discovery proceedings are incompatible with the * * * speedy and expeditious enforcement of commission subpoenas” (supra, at 770). In support of such statement the court relied on the then existing law barring depositions in summary proceedings as being hostile to the character of that remedy.
However, in recent years the law has evolved to permit pretrial examinations in summary proceedings under circumstances where the factual issues are complex (e.g., Savarese Real Estate Corp. v Stone, NYLJ, June 19, 1985, at 6, col 2 [App Term, 1st Dept]; Young Mens Christian Assn. v Buhler, NYLJ, July 10, 1986, at 6, col 3 [App Term, 1st Dept]; New York Univ. v Farkas, 121 Misc 2d 643).
Here there would be no prejudice to defendants as a result of the delay resulting from the grant of plaintiffs’ application, nor, since the shop stewards could be subpoenaed to testify at trial, is there any prejudice in now permitting the depositions. If no relevant material is developed at the examinations, the trial time would, in all likelihood, be shortened as these witnesses would probably not be called to testify.
The defendant union and its officers assert that they are not responsible for any activities of union members that may have been in violation of the court order, and maintain that any such activities that did occur are the result of "extreme provocation” (Judiciary Law § 751 [2] [a]) on the part of the Mayor and other city officials.
In light of the factual issues raised, the parties have estimated that the total court time to complete the contempt trial will be approximately three weeks. At issue are the requests by the city for a substantial fine, deprivation of dues check-off privileges, and possible imprisonment. However, since it is acknowledged that the union members halted all job action as of the morning shift on March 5, there is now lacking the need for immediate action on the city’s application. Nevertheless, the court is prepared to proceed expeditiously with the trial of this matter upon completion of discovery.
Permitting depositions of all stewards could result in cumulative testimony and would appear burdensome. Accordingly, *71 the court will at this time grant plaintiffs’ motion to the extent of authorizing the deposition of eight stewards to be selected by plaintiffs. If plaintiffs or defendants seek depositions of any other witnesses, applications (supported by affidavits showing good cause therefor) may be made by arranging for a hearing date with the Clerk of this Part.