OPINION OF THE COURT
Richard F. Braun, J.
This is an action for a declaratory judgment declaring contractual indemnification, indemnification under Kinney v Lisk Co. (76 NY2d 215 [1990]), and reimbursement of attorney’s *182 fees, costs, disbursements, and other expenses. Plaintiffs moved for summary judgment against defendant Trinity Communications Corporation (Trinity) and former defendant Gerling America Ins. Co. (Gerling). Pursuant to letter, dated March 12, 2002, and stipulation of partial settlement, dated March 15, 2002, the branch of the motion as to Gerling was withdrawn, as the action settled between plaintiffs and that former defendant. Defendant Trinity separately moved, pursuant to CPLR 3211 (a) (4), to dismiss the claims of plaintiff Time Warner Cable of New York City (Time Warner) as to that defendant. Pursuant to stipulation, dated March 21, 2002, that motion was converted to a motion for summary judgment. .
Defendant Trinity waived the ground under CPLR 3211 (a) (4) because it was not asserted in defendant Trinity’s answer (CPLR 3211 [e]). Thus, the motion by said defendant has been denied by this court’s separate decision and order of March 27, 2002, with costs, pursuant to CPLR 8106 and 8202.
Defendant Trinity raises a collateral estoppel argument to defeat the motion by plaintiffs, based on a March 13, 2001 decision/order and memorandum decision by Justice Yvonne Gonzalez of Supreme Court, Bronx County, in the underlying personal injury action, Espinoza v Trinity Communications Corp. (Index No. 15007/99). She denied a summary judgment motion by defendant Time Warner there against defendant Trinity relating to the contractual and common-law indemnification cross claims in that action. The branch of the summary judgment motion here only relates to the Kinney claim. There was no such claim involved in the summary judgment motion before Justice Gonzalez. Thus, the issues in the motion before Justice Gonzalez were different from those here, and therefore her decision/order does not have a preclusive effect on this court (see Pinnacle Consultants v Leucadia Natl. Corp., 94 NY2d 426, 431-432 [2000]).
The failure of a party to obtain liability insurance for another party, as mandated by a contract between the parties, results in liability of the former party to the latter party for the failure (Kinney, 76 NY2d at 219). The contract between plaintiff Time Warner and defendant Trinity required it to obtain liability insurance coverage benefitting plaintiff Time Warner as an additional insured, which coverage was to be primary insurance. It is undisputed that defendant Trinity obtained a liability insurance policy with former defendant Gerling covering plaintiff Time Warner as an additional insured. However, the coverage was not primary. The stipula *183 tion of partial settlement provided that former defendant Gerling would defend and indemnify plaintiff Time Warner, and reimburse defense costs from December 6, 1999 onward, but only on an equal share, coinsurance basis, and specifically stated that the claims and motion by plaintiffs against defendant Trinity would continue. Thus, because defendant Trinity did not obtain primary insurance for plaintiff Time Warner, as their contract required, defendant Trinity is liable to plaintiff Time Warner on its Kinney cause of action.
The Court of Appeals held in Kinney that the failure to comply with an agreement to obtain liability insurance coverage would result in liability for “resulting damages * * * ” (id.). Here, plaintiff Time Warner obtained its own liability insurance coverage from plaintiff Travelers Property Casualty Corporation (Travelers). Because plaintiff Time Warner obtained its own policy, the measure of damages for said plaintiff on the Kinney claim is not full indemnification of the amount of any settlement or judgment and defense costs in the underlying personal injury action but rather said plaintiff’s out-of-pocket expenses, including any deductible under the policy of plaintiff Time Warner with plaintiff Travelers (Inchaustegui v 666 5th Ave. Ltd. Partnership, 96 NY2d 111, 114-115 [2001]). Under that insurance policy, there is a $1,000,000 deductible. Thus, plaintiff Time Warner demonstrated that it is entitled to summary judgment against defendant Trinity on the Kinney claim to the extent of declaring that it must indemnify plaintiff Time Warner for any shortfall caused to said plaintiff, by disposition of the underlying personal injury action, in the insurance coverage provided by former defendant Gerling, in an amount up to the deductible in the policy of plaintiff Time Warner with plaintiff Travelers.
As to the third case of action for attorney’s fees, costs, disbursements, and other expenses, plaintiff Time Warner is not entitled to a complete reimbursement thereof, as sought, in light of plaintiff Time Warner’s having obtained its own liability policy with plaintiff Travelers (Inchaustegui, 96 NY2d at 115). Furthermore, pursuant to the March 15, 2002 stipulation of partial settlement, former defendant Gerling has agreed to defend on a coinsurance basis and reimburse one half of defense costs from December 6, 1999 on. In addition, plaintiffs have not asserted that they would not have defended in the underlying personal injury action to protect their interests therein as to any excess liability above the Gerling policy, if former defendant Gerling had provided a defense from the *184 inception (although this normally does not occur where there is a primary insurance carrier providing a defense). Further, at best this court could award to plaintiffs only partial summary judgment as to liability on this cause of action because plaintiffs did not prove any amount of attorney’s fees, costs, disbursements, or other expenses.
Defendant Trinity does not show, contrary to its argument, that there are facts essential to justify said defendant’s opposition to plaintiffs’ motion, in order to allow said defendant discovery, pursuant to CPLR 3212 (f) (Sucrest Corp. v Fisher Governor Co., 32 AD2d 517 [1st Dept 1969]). A fishing expedition by defendant Trinity cannot be permitted.
Thus, plaintiff Time Warner has been awarded partial summary judgment against defendant Trinity on the Kinney claim by this court’s separate decision and order of this date. Defendant must indemnify plaintiff Time Warner to the extent stated above, and plaintiff Time Warner is entitled to a declaration to that effect.