HOLLIS S. INGRAHAM, as Commissioner of Health of the State of New York, Respondent, v. J. GILBERT MAURER, Also Known as JACOB GILBERT MAURER, et al., Appellants.

Third Department, June 29, 1972.

*John S. Hall* for appellants.

*Louis J. Lefkowitz, Attorney-General (Francis J. Keehan, Ruth Kessler Toch* and *Stanley Fishman* of counsel), for respondent.

*Per Curiam.* The defendants have been adjudged guilty of criminal contempt for the willful failure to obey a preliminary injunction order of the court previously entered in Albany County on December 17, 1971.

The order and judgment appealed from recites that it was entered upon the papers submitted in connection with the proceeding and upon hearing the attorneys for the parties. Concededly no formal hearing was conducted.

The appellants contend that Special Term denied them due process of law in that it failed to direct a hearing to allow the appellants to confront and cross-examine their accusers and that the terms of the order said to be violated were so vague and indefinite as to be void for vagueness. We find no merit to the latter contention. The appellants further contend in their brief on this appeal that as to the question of intent of the parties as to the manner in which the order was to be obeyed, the present proceeding should have been before the same Judge who originally entered the order based upon the stipulation.

The respondent asserts that the temporary injunction order was clear and unambiguous and that the moving papers clearly established violation of the order of the court and that there was no issue raised which would warrant a hearing. The respondent in its brief contends that the contempt proceeding was not criminal in nature, relying upon the fact that it is governed by the provisions of the CPLR (art. 4) relating to special proceedings. (See *Eastern Concrete Steel Co.* v. *Bricklayers' & Mason Plasterers' Int. Union, Local No. 45 of Buffalo,* 200 App. Div. 714, 716; Judiciary Law, § 757.) In the case of *People ex rel. Munsell* v. *Court of Oyer & Terminer* (101 N. Y. 245) the social distinction between criminal contempt and civil contempt was well documented. Contrary to the assertions of the respondent, it appears certain that the Supreme Court of the United States has determined in the case of *Bloom* v. *Illinois* (391 U. S. 194) that a criminal contempt proceeding is a criminal proceeding to which the basic fundamentals are applicable to the same extent as in any other criminal trial. While the *Bloom* case was directed solely at the issue of the right to a jury trial, it, nevertheless, equates the contempt proceeding with an ordinary criminal proceeding.

The case of *Rankin* v. *Shanker* (23 N Y 2d 111) relied upon by the Attorney-General as authority for the inapplicability of criminal proceeding concepts to a criminal contempt proceeding relates only to the requirement of a jury trial and would not necessarily control where a defendant denies the charges of criminal contempt.

While special proceedings brought on by order to show cause are in the first instance very nearly the same as motions for summary judgment, it is certain that hearings are to be held as to disputed issues of fact which are relevant to a determination of the proceeding (CPLR 410). Ordinarily, in a criminal proceeding or even in the case of a traffic infraction, a defendant may merely deny the charges against him and upon such denial the accusers are put to their proof and the defendant has an opportunity to cross-examine, with no requirement that he submit any proof on his own behalf. In the present case the defendant did deny the charge that he had willfully disobeyed the prior order of the court, however, he went further and affirmatively avowed that he had complied with all of the conditions of the prior order.

Whether this proceeding be considered either criminal or civil in nature, it is apparent that there were issues of fact which the court could not resolve without a trial. The defendant was as qualified as any agent of the respondent to state whether or not the matters required by the prior order had been complied with. The affidavits on behalf of the respondent remain nothing more or less than affidavits and when controverted by a person having knowledge, such affidavits cannot in any proceedings form a basis for summary relief.

In *Matter of Douglas* v. *Adel* (269 N. Y. 144, 147) the court stated: " If, however, the acts constituting the contempt are not committed within his [committing Judge] hearing or he does not see them and is, therefore, unable to so state in the mandate of commitment, it is necessary that the offender be given an opportunity to be heard after notice." In *Matter of Spector* v. *Allen* (281 N. Y. 251, 257) the court noted that " the rights of an accused must always receive adequate protection " in a criminal contempt proceeding.

The court in its order made factual findings apparently based upon the affidavits submitted by the respondent. The truth of the affidavits is not the issue before this court but credibility will be an issue at the subsequent hearing. The present record, based solely on affidavits, presents a factual issue as to whether the appellants did " willfully disobey the lawful mandate of this Court, to wit, the said order dated

December 17, 1971, in the above entitled action '' and, accordingly, the appellants are entitled to a hearing.

The judgment should be reversed on the law and the facts and the matter remitted to Special Term for further proceedings not inconsistent herewith.

HERLIHY, P. J., SWEENEY, KANE and REYNOLDS, JJ., concur; STALEY, JR., J., not voting.

Judgment reversed, on the law and the facts, and matter remitted to Special Term for further proceedings not inconsistent herewith.