■ NEW YORK CITY TRANSIT AUTHORITY et al., Respondents, v WILLIAM LINDNER et al., Appellants, et al., Defendants. — In an action, *inter alia,* to enjoin the prospective violation of the Taylor Law, the defendants appeal from (1) a judgment of the Supreme Court, Kings County (Monteleone, J.), dated April 8, 1980, which, *inter alia,* adjudged certain of the defendants guilty of criminal contempt of court and imposed fines, and (2) a judgment of the same court, dated July 14, 1980, which imposed additional fines for the continued violation of its prior orders. Judgment dated April 8, 1980 affirmed, without costs or disbursements. Judgment dated July 14, 1980 modified, on the law, by deleting therefrom those provisions adjudging defendants Transportation Workers Union of America, AFL-CIO, and Amalgamated Transit Union, AFL-CIO, guilty of criminal contempt and fining them. As so modified, judgment affirmed, without costs or disbursements. On the record before us, the initial charges of criminal contempt were proven beyond reasonable doubt as to all appellants and the fines imposed were not an abuse of discretion. As to the judgment dated July 14, 1980, we find that the two international unions complied with Special Term's order dated April 8, 1980 by instructing the locals to direct their members to return to work. The internationals cannot be adjudged guilty of criminal contempt solely because the officers and executive boards of the local refused to follow the internationals' written, oral and visual directives to comply with the court's orders. Such activities on the part of the internationals do not amount to willful defiance of or resistance to the court's mandate (see Judiciary Law, § 751, subd 2, par [a]). Before concluding this memorandum, a word should be added as a caveat to the parties for their future conduct. It is high time that both management and labor put aside their differences with a view to serving the public and not their own selfish interests. If they intend to negotiate in good faith, then they should embark upon the task well in advance of the expiration dates of existing contracts. The prevailing practice of employing delaying tactics until the eleventh hour can no longer be countenanced. The welfare of the public is constantly in hazard due to the uncaring attitudes of the adversaries. Delay in contract negotiations and a consequent walkout can and has paralyzed the city and all its activities; and more importantly, has worked to the discomfort and inconvenience of its residents. The sentiment penned by the poet two centuries ago that "man's inhumanity to man makes countless thousands mourn"[*] is just as true today as when first expressed. Fulminations against the Taylor Law are fruitless. It constitutes the law of the State and must be obeyed. The State cannot step aside and allow the parties to pursue their own selfish course. So long as the

---

[*]   Robert Burns "Man Was Made to Mourn", Stanza VII.

judiciary has contempt powers it must invoke them for the public good, and until such time as management and labor can co-exist in harmony and concord, those who inflict harm upon the public weal must understand that they must be prepared to suffer the consequences. Mollen, P. J., Damiani, Gulotta and Cohalan, JJ., concur.