In the Matter of ELIZABETH HOLTZMAN, Respondent, v VANDER BEATTY, Appellant.

Second Department, November 28, 1983

**APPEARANCES OF COUNSEL**

*Harry R. Pollak* for appellant.

*Elizabeth Holtzman, District Attorney (Barbara D. Underwood* and *Alan D. Rubinstein* of counsel), respondent *pro se.*

**OPINION OF THE COURT**

*Per Curiam.*

This is an appeal arising from the conviction of former State Senator Vander Beatty for criminal contempt. It derives from an attempt by the District Attorney of Kings County to secure handwriting exemplars from Beatty. Following a hearing, it was determined that the handwriting exemplars, submitted by him pursuant to an order of the Supreme Court, Kings County, had been willfully disguised. Beatty was then adjudged in contempt of court and was sentenced to 30 days' imprisonment.

After the argument in this court and during consideration of the appellate papers, it was discovered that the order Beatty allegedly violated required only that he "appear at the Office of the District Attorney at a time determined to be mutually convenient, but in no event later than three (3) days from the date of this Order". Since the order made no reference to handwriting exemplars and Beatty did appear at the District Attorney's office, he complied with the order and it is not legally possible for him to be found in violation of it. Accordingly, we are required to reverse the contempt conviction despite our belief that the record supports the charge that Beatty willfully disguised his handwriting. The unique circumstances of this case make it necessary to recount the facts in some detail.

In May, 1983, Beatty was served with a notice of motion by which the District Attorney of Kings County sought to secure examples of his handwriting. In support of the motion, the District Attorney alleged that exemplars were necessary to further a Grand Jury investigation into allegations of the corrupt use of State funds by the Afro-American Caribbean Cultural Center, Inc. Beatty had allegedly notarized the center's certificate of incorporation and the Grand Jury required handwriting exemplars as part of its investigation into apparent forgeries on that certificate.

Attached to the notice of motion was a proposed order directing Beatty to "appear at the office of the District Attorney at a time determined to be mutually convenient, but in no event later than ten (10) days from the date of the Order, and to execute handwriting exemplars." On July 5, 1983, after three adjournments, the motion was granted on default by Justice GOLDSTEIN. However, she issued no oral mandate and did not sign the proposed order, directing instead that a proposed order be submitted to her with notice of settlement to Beatty. On July 8, 1982, the District Attorney mailed to Beatty's counsel a proposed order with notice of settlement, but that order was not a copy of the one which had been attached to the original motion papers. The new order merely directed that Beatty "appear at the Office of the District Attorney at a time determined to be

mutually convenient, but in no event later than three (3) days from the date of this Order". The language directing Beatty to give handwriting exemplars was omitted. The District Attorney has candidly accepted responsibility for this error, asserting that the omission was "a wholly inadvertent oversight". In any event, on July 15, 1983, Justice GOLDSTEIN signed the second order even though it did not contain the language directing Beatty to give handwriting exemplars and even though that language was central to the relief that had been sought. It is apparent from the record and statements made by counsel on oral argument that the District Attorney never mailed Beatty or his counsel a conformed signed copy of Justice GOLDSTEIN's order, with notice of entry.

On August 16, 1983, the District Attorney moved to hold Beatty in contempt for his failure to provide exemplars by July 18, 1983. The order to show cause read: "Let VANDER BEATTY show cause * * * why an Order should not be made adjudging the said VANDER BEATTY guilty of, and punishing him for Contempt of this Court for his alleged misconduct in failing to obey the Order of this Court dated July 14, 1983 [*sic*], COMMANDING him to faithfully execute a handwriting exemplar". The order to show cause was signed by Justice KUFFNER despite the fact that the July 15 order — erroneously referred to by the District Attorney as "dated July 14, 1983" — did not contain the language that was set forth in the show cause order. The gravity of the omission was compounded when, on August 26, 1983, Justice KUFFNER conducted a hearing on the contempt motion and the following colloquy took place:

"THE COURT: And the order provided that Vander Beatty appear at the Office of the District Attorney at a time determined to be mutually convenient, but no later than three days from this date, to supply exemplars of his writings; is that correct?

"MS. BERGER [THE ASSISTANT DISTRICT ATTORNEY]: That is, your Honor."

The Assistant District Attorney's response was incorrect, of course and, at the conclusion of the hearing, Justice KUFFNER found Beatty guilty of contempt and sentenced him to 30 days' imprisonment. This appeal followed.

In the absence of a specific valid order that has been disobeyed, there can be no contempt. (See *Matter of Weeks,* 570 F2d 244.) The order which serves as the basis of this contempt proceeding contains no specific direction that Beatty was required to follow other than to appear at the District Attorney's office, and he concededly complied with that direction. "Criminal contempt is a crime" (*Bloom v Illinois,* 391 US 194, 201; *Gompers v United States,* 233 US 604, 610) and the usual due process rights afforded to criminal defendants apply to an accused in a criminal contempt proceeding (see *People v Giglio,* 74 AD2d 348; *State Univ. of N.Y. v Denton,* 35 AD2d 176). It is well settled that criminal contempt is established when there is a clear and definite order of the court, the contemnor knows of the order, and he willfully disobeys it. (*United States v Powers,* 629 F2d 619, 627; see, also, *Chapman v Pacific Tel. & Tel. Co.,* 613 F2d 193, 195.) "In order to sustain a conviction for criminal contempt for violation of a Court's order the Court's order must be specific and the violator must be aware of such an order." (*Matter of Rumaker,* 646 F2d 870, 872.) Where the terms of an order are vague and indefinite as to whether or not particular action by a party is required, then, of course, he may not be adjudged in criminal contempt for the willful failure to take such action. (*People v Balt,* 34 AD2d 932, 933; see, also, *Matter of Sheridan v Kennedy,* 12 AD2d 332, 334; *Matter of Carlson v Podeyn,* 12 AD2d 810; *Matter of Landau,* 230 App Div 308; *Matter of Mitchell v Sperling,* 229 App Div 204.)

Here, the order was specific and regardless of any other intent Beatty may have had he complied with the specific terms of the order. The District Attorney argues, nevertheless, that the order should be construed as though it contained a direction to give handwriting exemplars, because that was the belief of all of the parties. This contention ignores "[t]he long-standing, salutary rule in contempt cases * * * that ambiguities and omissions in orders redound to the benefit of the person charged with contempt." (*Ford v Kammerer,* 450 F2d 279, 280.) There is no rule of construction of which we are aware that would permit us retroactively to rewrite the order to the detri-

ment of the accused — indeed to sustain his conviction — in order to correct an error made by the prosecutor or the judicial system.

We also reject the District Attorney's claim that Beatty waived his right to raise the issue of the absence of the crucial direction in the order. A waiver is the intentional relinquishment of a known right. (*Johnson v Zerbst,* 304 US 458, 464; *City of New York v State of New York,* 40 NY2d 659, 669; *People v Epps,* 37 NY2d 343, 350.) Knowledge and intent are essential elements of waiver. (*People v Cox,* 71 AD2d 798.) Whatever the negligence involved in his lawyer's failure to examine the order, Beatty never knew its actual contents; he was never served with a signed or conformed copy of the order and at the contempt hearing he heard the District Attorney incorrectly assure the court that the order contained the language in question. Thus, Beatty — the person charged with criminal contempt — never was aware that the crucial language had been omitted from the signed order and he cannot be said to have intentionally relinquished any right to contest that omission.

Accordingly, the order adjudging Vander Beatty guilty of criminal contempt and sentencing him to 30 days' imprisonment must be reversed, on the law, and the application denied.

LAZER, J. P., GULOTTA, BRACKEN, BROWN and BOYERS, JJ., concur.

Order of the Supreme Court, Kings County, dated August 29, 1983, reversed, on the law, without costs or disbursements, and application denied.