OPINION OF THE COURT
Jones, J.
The applicable standard of proof to establish criminal contempt is proof beyond a reasonable doubt. The evidence in the record in this case is sufficient under that standard to sustain the determination of Supreme Court that the Civil Service Employees Association, Inc. (CSEA), the parent labor organization, was itself a participant in the strike of public employees in Rockland County from December 28, 1977 to January 6, 1978. Accordingly, the order of the Appellate Division affirming the judgment of Supreme Court holding CSEA in criminal contempt should be affirmed.
This is an action brought to enjoin a strike by public employees in violation of section 210 of the Civil Service Law, in which the County of Rockland seeks, inter alia, to punish CSEA for criminal contempt in failing to obey two temporary restraining orders dated December 27 and 29, 1977. When extensive efforts to negotiate a new contract covering employees of Rockland County represented by the Rockland County Unit of the Rockland County Local of CSEA[1] failed, at 6:00 a.m. on December 28, 1977 approximately 1,500 Rockland County employees went on strike *15 pursuant to a vote authorizing such action taken on December 7, 1977. The strike continued through January 6, 1978.
Prior to the commencement of the work stoppage an order to show cause was signed by Justice Silberman on December 27, 1977 which contained a restraining order enjoining CSEA and others from “engaging in a strike or causing, instigating, encouraging or condoning a strike”. A second order to show cause was signed by Justice Silber-man on December 29, 1977 containing the same restraining order as the first. On January 4, 1978, the present application was brought on by an order to show cause also signed by Justice Silberman seeking to punish CSEA and the other defendants for criminal contempt pursuant to sections 750 and 751 of the Judiciary Law for disobedience of the December 27 and 29 restraining orders.
Supreme Court granted the relief sought by the county, concluding that CSEA and the Rockland County Unit were each employee organizations within the meaning of subdivision 2 of section 751 of the Judiciary Law and subdivision 5 of section 201 of the Civil Service Law and that each had willfully disobeyed the lawful mandates of the court by willfully and knowingly continuing, encouraging and condoning the illegal strike of Rockland County” employees. CSEA was fined $250,000 and the Unit, $2,500. Supreme Court grounded its determination on findings that the Rockland County Unit and CSEA had each participated in the strike.
On appeal by CSEA, the Appellate Division affirmed on the ground that CSEA was liable for the actions of the Rockland County Unit on an agency theory. The Appellate Division then granted CSEA leave to appeal to our court on a certified question and in its order granting such leave stated that “the findings of fact are affirmed.” We now affirm, but on the ground that the evidence is sufficient to support the finding of Supreme Court that CSEA itself participated in the strike, a finding which as noted was affirmed at the Appellate Division.
At the threshold of its appeal CSEA asserts a lack of jurisdiction of the court to punish CSEA for contempt for failure of the county to establish either that CSEA was *16 served with the temporary restraining orders or, in the alternative, that it had knowledge of their provisions. There is no merit to this assertion. The original file contains affidavits that the first order to show cause, dated December 27, 1977, was served on May Richardson, an agent in charge of the CSEA office in Albany, on December 28, 1977 and that the second order to show cause, dated December 29, 1977, was served on Larry Scanlon, a CSEA business agent, in New City, New York, on December 29 and on James Lennon, a vice-president of CSEA, in New Rochelle, New York, on December 31.
Supreme Court found that “the evidence clearly establishes that the defendant CSEA, Inc., was the moving force behind the strike, provided all of the financial support for the strike, assisted in the organization and managing of the strike and without its support and assistance, the defendant unit could not have carried out the work stoppage.” The evidence in this record sustains these findings.
In criminal contempt cases arising out of labor injunctions it is required that the evidence be such as to establish the willful violation of the court order beyond a reasonable doubt (Yorktown Cent. School Dist. v Yorktown Congress of Teachers, 42 AD2d 422, 426; see, also, New York City Tr. Auth. v Lindner, 83 AD2d 573; Board ofEduc. v Pisa, 55 AD2d 128, 137-138; City School Dist. v Schenectady Federation of Teachers, 49 AD2d 395, 399, app dsmd and mot for lv to app den 38 NY2d 820).[2]
There was testimony at trial that: Neis Carlson, a CSEA employee who was serving as CSEA’s chief negotiator, spoke at a meeting of the Rockland County Unit’s membership on December 7, 1977 and urged a strike vote to strengthen the union’s negotiating posture; on December 27, Carlson called an Assistant County Attorney in charge of the negotiations and advised him that a strike had been *17 authorized by the membership and that the employees would strike at 6:00 a.m. the next day; and, when the Assistant County Attorney told him that it was ridiculous to go on strike at this point, Carlson responded that the strike was on and there was no turning back.
A deputy sheriff of Rockland County testified that another CSEA employee, Thomas Brand, met with him on various occasions from a week prior to the strike through its entire duration and arranged that the Sheriff could reach Brand on a 24-hour basis during the strike, stating that Brand and CSEA staff would exercise their efforts to ensure that all picket lines would be maintained in an orderly fashion. Brand also provided the deputy with information as to the location of each of the picket lines and agreed to make picket captains and CSEA staff members near the lines readily identifiable so that law enforcement officers would know “who to speak to”. Guidelines for the conduct of the picketing were fully discussed by Brand and the Sheriff and procedures agreed upon.
Vouchers for payment by CSEA were introduced which had been submitted by six of its employees for transportation, food and lodging expenses for varying periods of time between December 26, 1977 and January 4, 1978. These vouchers listed the activity for which the expenses were incurred as “strike, Rockland County”, “Rockland County action”, or “Rockland County strike”. A similar voucher submitted by a CSEA employee, Lupasellá, listed “Rock-land Unit”. Lupasella was observed around a van owned by CSEA which was used as a CSEA field office during the strike.
Larry Scanlon, one of the CSEA employees who submitted travel vouchers for the Rockland strike, testified that he met with groups of Rockland County employees on December 27,1977 at their work sites, informed them that a strike had been called and advised them of the Taylor Law as it relates to strikes by public employees. Scanlon further admitted that he monitored the picket lines during the strike. There was also testimony that Scanlon was seen at the picket line with a clipboard going up to groups of employees and conversing with them. He was observed walking on a picket line carrying a sign on more than one occasion.
*18 A van owned by CSEA and operated by a CSEA mail-room employee was seen at the picketing site, and CSEA stipulated that it was being used as a “field office”. Picketers were observed going into the van in an attempt to warm up.
Finally, a newspaper advertisement explaining “Why CSEA Is On Strike”, although signed by the President of the Rockland County Unit, was paid for by CSEA, and Unit records did not reveal any reimbursement.
This evidence is sufficient to establish beyond a reasonable doubt that CSEA itself participated in the strike.
Accordingly, the order of the Appellate Division should be affirmed, with costs.[3]
Chief Judge Cooke and Judges Jasen, Wachtler, Meyer, Simons and Kaye concur.
Order affirmed, with costs. Question certified answered in the affirmative.

. An exposition of the relationship among the three labor organizations involved will be helpful to an understanding of the legal issues tendered on this appeal. CSEA, a not-for-profit corporation, is the parent labor organization and the certified bargaining representative for various bargaining units representing approximately 100,000 employees affiliated with the State of New York. It did not hold any bargaining rights or representation rights with respect to the Rockland County striking employees. The Rockland County Local of the CSEA is an unincorporated association affiliated with CSEA. It is not a party to this proceeding. The Rockland County Unit of the Rockland County Local is an unincorporated association, chartered by the Local and a subdivision of the Local. At all times relevant for present purposes the Unit was the duly certified representative of the striking employees. Both CSEA and the Unit are parties defendant in this action, but only CSEA is appellant in the appeal now before us.

. Although Supreme Court did not explicitly find that guilt had been established “beyond a reasonable doubt”, we interpret the references in the decision of that court to the “overwhelming” proof and the guilt of defendants as having been “clearly established” as an application of the equivalent of that standard, particularly in view of CSEA’s unchallenged submission in that court that proof was required beyond a reasonable doubt. CSEA does not now contend that any lesser standard was applied, but argues only that the evidence is insufficient to support the determination of Supreme Court under that standard. The subject of standard of proof was not addressed by the Appellate Division.

. Inasmuch as we conclude that the evidence is sufficient beyond a reasonable doubt to establish that CSEA itself participated directly in the strike, we have no occasion to consider and do not address the conclusion of the Appellate Division that the liability of CSEA should be upheld on the theory that the parent organization was responsible for the actions of the Rockland County Unit.