OPINION OF THE COURT
Lewis R. Friedman, J.
These cases present the same question, which has not been definitively answered in the reported cases: may a party move for summary judgment to impose criminal and civil contempt penalties for disobedience of a court order. In both cases the court issued orders requiring the respondents to remove certain violations of the Housing Maintenance Code. Thereafter, petitioner commenced civil and criminal contempt proceedings. Petitioner, relying primarily on inspection reports which *372 show that the violations remained, made motions in each case for summary judgment.[1]
THE PROPRIETY OF SUMMARY JUDGMENT
Analytically, civil and criminal contempt must be treated separately. The Court of Appeals in Matter of McCormick v Axelrod (59 NY2d 574, 582-583) emphasized the distinction between two different remedies. "Civil contempt has as its aim the vindication of a private right of a party to litigation and any penalty imposed upon the contemnor is designed to compensate the injured private party for the loss of or interference with that right (State of New York v Unique Ideas, 44 NY2d 345). Criminal contempt, on the other hand, involves vindication of an offense against public justice and is utilized to protect the dignity of the judicial system and to compel respect for its mandates (King v Barnes, 113 NY 476).”
The rules applicable to summary judgment motions are well established. If there are no genuine issues of material fact, summary judgment must be granted. (CPLR 3212 [b]; Alvarez v Prospect Hosp., 68 NY2d 320, 324; Zuckerman v City of New York, 49 NY2d 557, 562.) Once a movant has established a prima facie basis for summary judgment the burden is on the party opposing such relief to set forth "evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action” (Alvarez v Prospect Hosp., supra, at 324). The nature of a civil contempt proceeding does not require a different rule.
CIVIL CONTEMPT
The issues in a civil contempt proceeding are: (1) that a lawful order of the court was in effect; (2) that there was a clear unequivocal mandate; (3) that the respondent had knowledge of the order; (4) that there is proof to a reasonable certainty that the order has been disobeyed; and (5) that the *373 rights of a party were prejudiced. (Matter of McCormick v Axelrod, supra.) These are ordinary questions of fact with a usual burden of proof which can be resolved in the same manner as any other facts. A review of the cases reveals no appellate authority precluding summary relief in civil contempt proceedings.
Respondents rely on a series of cases which suggest that summary judgment may not be granted in contempt cases. None is dispositive. Several apply only to criminal contempt. (State Univ. of N. Y. v Denton, 35 AD2d 176, 180-181 [4th Dept 1970]; Ingraham v Maurer, 39 AD2d 258, 260 [3d Dept 1972].) Further, the relevant language in both of those cases is dictum. In Denton the "holding” is described as a "comment” "[f]or the guidance of the court and parties in future criminal contempt proceedings arising out of civil actions”. (Supra, 35 AD2d, at 180.) In Ingraham the "holding”, that a general denial by counsel is sufficient to require a trial, is followed by reference to the detailed factual affidavits submitted. In Matter of Guardian Life Ins. v Myers (99 AD2d 1030 [1st Dept 1984]) the court "note[d] in passing, however, the inappropriateness of coupling a motion to punish for contempt with a motion for summary judgment.” This court’s review of the record before the Appellate Division revealed that proceeding involved an omnibus motion for summary judgment on the declaratory judgment action as well as the unrelated contempt of the preliminary injunction.
The summary disposition of a civil contempt proceeding where there are no disputed facts has long been permitted. (Holahan v Holahan, 234 App Div 572, 573 [4th Dept 1932]; compare, e.g., Shkolnik v Shkolnik, 41 AD2d 523, and Larotondo v Larotondo, 285 App Div 899, holding the failure to order a hearing on disputed facts to require reversal.) The Appellate Term, First Department, has apparently indorsed the practice of granting summary relief in a civil contempt proceeding. In Santana v 144th St. Holding Corp. (NYLJ, May 14, 1984, at 13, col 3), the court, relying on Friendly Ice Cream Corp. v Great E. Mall (51 AD2d 883), noted that the respondents in their papers "failed to rebut or effectively deny the allegations of the application, or allege any excuse for noncompliance with the court’s order. Accordingly, a hearing was not required”. That statement, although dictum since a hearing was actually held, supports petitioners’ motion to treat civil contempt proceedings in the same manner as any other special proceeding.
*374 There are a number of cases which have held that the possibility of imprisonment for contempt is sufficient to invoke additional procedural rights. For example, in People ex rel. Lobenthal v Koehler (129 AD2d 28, 32), the First Department recently found that the constitutional right to appointed counsel applied to applications for contempt, whether denominated civil or criminal, since respondent "was subject to possible imprisonment”. (Hickland v Hickland, 56 AD2d 978, 980; Matter of Williams v Williams, 91 AD2d 1044; Lassiter v Department of Social Servs., 452 US 18, 25; Matter of Di Bella, 518 F2d 955, 959.) The Supreme Court has previously held that the possibility of a coercive contempt sentence takes a civil contempt case out of the criminal context for determining the manner of trial. (Shillitani v United States, 384 US 364.)
This court concludes that the well-established historical difference in the manner of trial of civil and criminal con-tempts (Department of Hous. Preservation & Dev. v Chance Equities, 135 Misc 2d 375) authorizes the treatment of civil contempt as an ordinary civil case. The policy encouraging the use of summary dispositions, that was recently rearticulated in Alvarez v Prospect Hosp. (68 NY2d 320, supra), reserves the resources of the courts for those cases where there are actual issues to be resolved.
The United States Court of Appeals for the Second Circuit has continually upheld, as complying with Federal constitutional due process standards, the New York rule that requires hearings in civil and criminal contempt proceedings only where there are disputed issues of material fact. (Agur v Wilson, 498 F2d 961, 965, cert denied 419 US 1072 [1974]; Sassower v Sheriff of Westchester County, 824 F2d 184.)
This court finds that factual questions presented on a civil contempt application may be resolved summarily either by summary judgment motion or by application of CPLR 409 and 410. That procedure gives the respondent an adequate opportunity for the "hearing appropriate to the nature of the case” which is guaranteed by the Due Process Clause of the Federal Constitution. (United States v Raddatz, 447 US 667, 677; Mullane v Central Hanover Bank & Trust Co., 339 US 306, 313; Mathews v Eldridge, 424 US 319, 335.)
CRIMINAL CONTEMPT
Criminal contempt presents different issues. The Court of *375 Appeals has held that "the element which serves to elevate a contempt from civil to criminal is the level of willfulness with which the conduct is carried out”. (Matter of McCormick v Axelrod, 59 NY2d 574, 583, supra; Matter of Sentry Armored Courier Corp. v New York City Off-Track Betting Corp., 75 AD2d 344; Matter of Murray, 98 AD2d 93; Yacht Shares v Knutsen’s Marina, 112 AD2d 419.) The concept of willfulness requires a determination beyond a reasonable doubt rather than to a reasonable certainty (N. A. Dev. Co. v Jones, 99 AD2d 238, 240-241; Vail v Quinlan, 406 F Supp 951, 960 [SD NY], revd on other grounds sub nom. Juidice v Vail, 430 US 327; County of Rockland v Civil Serv. Employees Assn., 62 NY2d 11, 16-17).
The New York Court of Appeals has held that a criminal contempt case is equivalent to a criminal case. (Matter of Columbo, 31 NY2d 947; cf., Columbo v New York, 405 US 9, 10-11.) This State has long held that the accused in a criminal contempt case has a right to be heard after notice and the full panoply of criminal procedural rights (e.g., Matter of Douglas v Adel, 269 NY 144, 147 [1935]; Matter of Spector v Allen, 281 NY 251, 257 [1939]; Matter of Rotwein [Goodman], 291 NY 116, 122 [1943]). In the case of a criminal contempt proceeding these rights are most important since there is the potential loss of liberty. (Judiciary Law § 751; Matter of Larisa F. v Michael S., 122 Misc 2d 520; see, In re Gault, 387 US 1, 57 ["an order of commitment to a state institution cannot be sustained in the absence of sworn testimony subjected to the opportunity for cross-examination”]; Bloom v Illinois, 391 US 194, 201 ["(c)riminal contempt is a crime .in the ordinary sense”]; compare, People ex rel. Lobenthal v Koehler, 129 AD2d 28, supra.)
The application of these basic principles requires that at the very least a trial be held in criminal contempt proceedings where, as permitted by case law, the respondent has interposed a defense through counsel. (People ex rel. Supreme Ct. v Albertson, 242 App Div 450, 453; see, Cooke v United States, 267 US 517, 537; State Univ. of N. Y. v Denton, 35 AD2d 176, 181, supra.) The Second Circuit’s decision in Sassower v Sheriff of Westchester County (824 F2d 184, supra) upholds, under Federal constitutional rules, the right of the court to impose criminal contempt sanctions where there are no disputed issues of fact. The court found that "Sassower had a reasonable opportunity to raise a triable issue of fact or to dispute the *376 documentary evidence presented by the receiver, but he wilfully failed to do either” (supra, at 190). "Although he pled not guilty, Sassower never denied filing the papers offered in support of the contempt charges. Indeed, his response to the contempt motion merely reasserted his untenable procedural claims and his refusal to yield to the authority of any court” (supra, at 189-190). Under that standard summary judgment could be granted despite the requirement that willfulness be established beyond a reasonable doubt.
This court finds that at least where the conduct underlying the alleged criminal contempt does not rest exclusively on documentary evidence, as in Sassower (supra), the constitutional right to defend[2] requires that the petitioner be put to its proof at a hearing once the respondents have denied the allegations of the petition whether by detailed affidavit, general denial or plea of not guilty.

Department of Housing Preservation and Development v Miller

Petitioner has moved for partial summary judgment with respect to certain issues. The requested relief is, in essence, to grant summary judgment against respondents 24 W. 132 St. Equities, Inc. and Andonis Morfesis on all issues except willfulness. The motion is supported by admissible copies of documents establishing respondents’ ownership of the premises in question, the existence of the court order, service of the documents, and noncompliance with the court order. The noncompliance is established by a series of inspection reports which are admissible under CPLR 4518 (c) "and are prima facie evidence of the facts contained” (People v Lederle, 206 Misc 244, affd 285 App Div 974, affd 309 NY 866; Milchman v Rivera, 39 Misc 2d 347). Petitioner has made a prima facie showing of all of the elements required.
Respondents’ opposition is based on several factors which do not include affidavits on the merits of the case. Respondent makes a general denial of proper service of the papers. While *377 that may be a proper pleading, the rule is different where, on summary judgment, the moving party offers a detailed affidavit of service. The respondent must then offer specific refutation or there is no triable issue on the question (Department of Hous. Preservation & Dev. v Williams, NYLJ, Oct. 6, 1980, at 14, col 4 [App Term, 1st Dept]). The affidavits submitted by petitioner which are not refuted clearly establish proper service (Department of Hous. Preservation & Dev. v Arick, 131 Misc 2d 950).
Respondent also attacks the use of inspection reports to show disobedience of the order. This court has heard thousands of code enforcement cases and is well aware that inspection reports are prepared in the ordinary course of the business of the petitioner and that it is the ordinary course of business to make and keep such records. The business record exception to the hearsay rule is sufficient to allow the documents into evidence. People ex rel. McGee v Walters (62 NY2d 317) is not to the contrary. There, the court precluded the use of a "misbehavior report” as the sole proof at a parole revocation hearing on the ground that the inmate had a right to confront the witness to his misbehavior. Here, the question is the accuracy of six inspectors’ observations, made on different days, that the heat and hot water were inadequate. Four of the reports contain detailed readings: inside room temperatures were 60 degrees, 50 degrees, 56 degrees and 58 degrees, well below the 68 degrees required by law and the court order; the "hot” water temperatures were 50 degrees, 70 degrees, 48 degrees and 60 degrees, far below the 120 degrees required. The observations are essentially technical measurements; since their "substance is objective factual material compiled under circumstances indicating it to be inherently reliable” the declarant need not be produced. (People ex rel. McGee v Walters, supra, 62 NY2d, at 322.) The Federal evidence cases relied on by respondents involve criminal proceedings and are therefore not applicable to contempts. The courts of appeals have held that different Federal constitutional standards are applicable to criminal and contempt cases. (United States v Nunn, 622 F2d 802, 803 [5th Cir 1980] [there is a " 'special constitutional status’ to contempt proceedings”]; United States v Bukowski, 435 F2d 1094, 1101 [7th Cir 1970], cert denied 401 US 911 ["(t)he procedural protections which have gradually surrounded imposition of criminal contempt penalties * * * represent the accretion of 'fundamental fairness’ rather than the application of * * * the Bill of Rights”.])
*378 Respondents’ only other defense, unequal enforcement of the law, is, simply, not supported by any admissible proof. Respondents’ application for discovery to attempt to develop such proof is also insufficient under the law. Respondents allege that they have been singled out for selective enforcement because of public pressure brought against high city officials. Whatever may be the merit of that argument with respect to proceedings commenced against respondents’ other building for other types of repairs, respondents do not even allege that contempt proceedings are not similarly prosecuted against those who have allegedly deprived the tenants of heat and hot water after a court order has been issued. The threshold showing required by Matter of 303 W. 42nd St. Corp. v Klein (46 NY2d 686) and Matter of Commissioner of Dept. of Hous. Preservation & Dev. (63 Ave. D) (Civ Ct, NY County, index No. 1616/85) (a letter from the petitioner singling out the respondent) has not been made. There is no reason to order discovery or to deny summary judgment under CPLR 3212 (f).
The court finds that petitioner is entitled to summary judgment finding respondents in civil contempt of this court’s order; there are not triable issues of material fact. The interposition of a general denial is sufficient to warrant a trial of the criminal contempt even though cases such as Sassower (824 F2d 184, supra) would permit a summary adjudication. (See, at 376, supra.) The request for summary disposition of any part of the criminal contempt proceeding is denied.
Petitioner’s motion to strike the jury demand is granted. (Department of Hous. Preservation & Dev. v Chance Equities, 135 Misc 2d 375, supra.) The motion by respondent for change of venue and recusal is denied. (Department of Hous. Preservation & Dev. v Chance Equities, Civ Ct, NY County, index No. HP 1467/85.)
Settle order including a provision for a date for the determination of the appropriate penalty for civil contempt and the date of the criminal contempt trial.

Department of Housing Preservation and Development v Gottlieb

Petitioner, relying on a series of admissible inspection reports (see, at 377, supra), and the affidavit of respondent, moved for summary judgment solely for civil contempt. In his affidavit submitted in support of his motion for an extension *379 of time to complete the repairs respondent admitted that a substantial number of the repairs had yet to be completed and submitted bills and other proof of repairs done after the expiration of the time for their completion. Clearly, petitioner has established the elements of civil contempt.
Respondent has cross-moved for summary judgment of dismissal on several meritless procedural grounds. For example, the claim that the order to show cause was served one year late is based on a bizarre reading of an obvious typographical error in the order. Claims that summary judgment motion is barred as "a prior action pending” in light of the pending contempt proceeding and that the summary judgment motion is fatally defective for failure to contain the warnings required by Judiciary Law § 756 are meritless. Respondent submits no "evidentiary proof in admissible form” sufficient to warrant a trial on civil contempt (Alvarez v Prospect Hosp., 68 NY2d 320, 324, supra).
The motion for summary judgment holding respondent in civil contempt is granted; the cross motion to dismiss is denied. The criminal contempt case and the hearing on the proper civil contempt sanction are restored to the Part 18L Calendar for August 3, 1987.

. It appears that a summary judgment motion is unnecessary. A contempt proceeding is essentially a separate special proceeding governed by CPLR article 4. The court is directed by CPLR 409 and 410 to make a summary disposition based upon the papers and to order a trial only "if triable issues of fact are raised”. As the court held in Ingraham, v Maurer (39 AD2d 258, 260), special proceedings for contempt are "very nearly the same as motions for summary judgment” and should be treated in the same manner. Since the questions under CPLR 409 and on a summary judgment motion are the same, this opinion treats the issues as properly before the court.

. The State constitutional right to due process may well be greater than that mandated by the Federal Constitution. "As is well known, federal preservation of civil liberties is a minimum, which the states may surpass so long as there is no clash with federal law.” (Brennan, The Bill of Rights and the States: The Revival of State Constitutions as Guardians of Individual Rights, 61 NYU L Rev 535, 548-550 [1986]; Bellacosa, A New York State Constitution Touch of Class, 59 NY St Bar J 14, 17 [Apr. 1987]; People v Class, 67 NY2d 431; People v P. J. Video, 68 NY2d 296.)