◼ In the Matter of AID AUTO STORES, INC., Respondent, v SEYMOUR'S AUTO SUPPLY, INC., Appellant. [652 NYS2d 86] —In a proceeding pursuant to CPLR article 4 to enforce a judgment of the Supreme Court, Kings County, entered June 30, 1995, pursuant to CPLR 3218, the appeal is from an order of the Supreme Court, Kings County (Shaw, J.), entered November 17, 1995, which, granted the petitioner's motion, *inter alia,* to recover possession of certain real property, inventory, and equipment previously owned by the appellant.

Ordered that the order is affirmed, with costs.

The appellant contends that pursuant to CPLR 410, it was entitled to a full trial by a jury on questions of fact raised by the pleadings, and, that summary disposition of the instant matter was inappropriate.

While special proceedings brought on, as here, by order to show cause are in the first instance very nearly the same as motions for summary judgment, "hearings must be held as to disputed issues of fact" which are relevant to a determination

of the proceeding (*Ingraham v Maurer,* 39 AD2d 258, 260; *see also, Department of Hous. Preservation & Dev. v Gottlieb,* 136 Misc 2d 370, 371; *cf., Matter of Reda v Voges,* 192 AD2d 611, 612). The appellant has failed to point to an issue of disputed fact which would have prevented this matter from being determined without a hearing.

In June 1995 the appellant and the petitioner entered into a settlement agreement to resolve certain financial issues. Under the settlement agreement the appellant allowed the petitioner to enter a judgment by confession pursuant to CPLR 3218 and to enforce that judgment if the appellant defaulted on the settlement agreement. We find no merit to the appellant's argument that the petitioner engaged in unfair business practices by establishing a competing franchise super store within close proximity to the appellant which was calculated to cause the appellant to default on its settlement agreement. The original franchise agreement between the petitioner and the appellant provides the appellant with an "exclusive territory" of a radius of one and one-half miles from its location in Brooklyn. It is undisputed that the petitioner's store in question, is well outside of the exclusive territory radius and is, in fact, five miles away, in Queens.

The appellant's remaining contentions are without merit. Bracken, J. P., Thompson, Pizzuto and Santucci, JJ., concur.