■ MELVINA CORRADO, Respondent, v ROBERT CORRADO, Appellant. [795 NYS2d 616]—

In a matrimonial action in which the parties were divorced by judgment entered February 27, 2001, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (McNulty, J.), dated March 30, 2004, as, after a hearing, granted the plaintiff's motion to hold him in contempt for failing to comply with certain provisions of the judgment requiring him to maintain life insurance policies, and conditionally awarded the plaintiff a money judgment in the sum of $48,000.

Ordered that the order is modified, on the law, by deleting the provision thereof conditionally awarding the plaintiff a money judgment in the sum of $48,000; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

Contrary to the defendant's contention, the evidence adduced at the hearing was sufficient to establish beyond a reasonable doubt that a lawful order of the court clearly expressing an unequivocal mandate was in effect, that he had knowledge of that order and that he willfully disobeyed that order (*see Matter of Department of Envtl. Protection of City of N.Y. v Department of Envtl. Conservation of State of N.Y.,* 70 NY2d 233 [1987]; *County of Rockland v Civil Serv. Empls. Assn.,* 62 NY2d 11 [1984]; *Fitzpatrick v Fitzpatrick,* 249 AD2d 441 [1998]).

However, the Supreme Court's award of the conditional money judgment, which was tantamount to a fine, was not authorized by Judiciary Law §§ 751 and 773 (*see State of New York v Unique Ideas,* 44 NY2d 345, 349-350 [1978]; *Matter of Department of Hous. Preservation & Dev. of City of N.Y. v Deka Realty Corp.,* 208 AD2d 37, 43-44 [1995]). H. Miller, J.P., Cozier, Goldstein and Skelos, JJ., concur.